JUDGE PETERS
delivered the opinion of the court:
Appellant alleged in his petition, that on the 3d of July, 1867, he was in the city of Atlanta, Georgia, and being about to start to Kentucky, he, in consideration of twenty-five cents, obtained a policy of insurance against *536 accidents from appellee, an incorporated company, chartered by an act of the General Assembly of Kentucky, the policy to continue a specified time, the terms of which are as follows: That appellee, in consideration of the sum named, insured him in the amount of five thousand. doMárs, and promised to pay the same to the legal claimant within sixty days after proof that the assured, by any accident within the meaning of said policy, had sustained any personal injury during the term of said insurance, and such injuries shall have occasioned death within three months after the happening thereof; or, in case of personal injuries within the same period, by accident not fatal, but causing total disability, the company will pay the assured twenty-five dollars per week, for the term of such disability, not exceeding twenty-six weeks.
He further alleged, that while performing said journey, and before the termination of the period for which he was assured, on the railroad from Chattanooga to Nashville, he met with an accident from having “ inadvertently” put his arm a short distance out of the window of a car, when his hand came in contact with a post standing near the track of the road, whereby the middle finger of his right hand was so badly injured as to render him wholly unable to practice his profession of surgeon for the period of twenty-six weeks or more. Of which injury he made the requisite proof in due time, gave notice to appellee, and performed all conditions required by the stipulations of said policy to be performed by him, and; concludes with a prayer for judgment against appellee for six hundred and fifty dollars, with interest from the 3d of October, 1867.
'A demurrer was filed to the petition by appellee, which was sustained, and appellant having declined to plead *537 further, his petition was dismissed, and he prosecutes this appeal.
It is apparent, from the statement in the petition, that appellant'put his arm out of the widow of the car, while the train was moving with its usual velocity, without the slightest necessity for doing so; but, as his own statement imports, he carelessly put his arm out of the window of the car in which he was sitting, and while in that position the accident happened.
The injury did not result from any of the dangers common to passengers on that and other railroads, but resulted from the dangerous position in -which he had needlessly and negligently placed his arm — an injury which, if not to be expected from the exposed position of the hand, was at least probable.
If appellant had kept his arm inside of the car, it is perfectly certain he would have received no injury; and as it was produced by his own fault, he thereby deprived himself of all right to compensation. The demurrer was, therefore, properly sustained.
Wherefore, the judgment is affirmed.