EMMA C. SMITH, ADMINISTRATRIX, ETC., v. THE PRE-
FERRED MUTUAL ACCIDENT ASSOCIATION.

*Accident insurance—Unnecessary exposure to danger—Jumping
from moving train.*

In a suit upon an accident insurance policy, it appeared that the
insured, who was a traveling salesman, was injured by jump-
ing from a passenger train after it had left a station, and
when it was running at the rate of from 1 to 6 miles per
hour, he having at the time a satchel weighing from 40 to 50
pounds in each hand, and that death resulted from the injury.
The policy provided that the insurance should not cover any
injury resulting, either directly or indirectly, from voluntary
or unnecessary exposure to danger or to obvious risk of in-
jury. No necessity for decedent's jumping from the train was
shown. And it is held that the decedent voluntarily exposed
himself to "obvious risk of injury," within the meaning of
the policy.

Error to Ingham.    (Person, J.)    Submitted on briefs
February 12, 1895.    Decided April 16, 1895.

*Assumpsit.*    Plaintiff brings error.    Affirmed.    The facts
are stated in the opinion.

*Smith, Lee & Day,* for appellant.

*M. V. & R. A. Montgomery,* for defendant.

LONG, J.    This action is brought upon a policy of
insurance issued by defendant, by which it undertook to
insure the deceased against injury by accident.    The
deceased was a traveling salesman.    He was injured at
Middleville, this State, March 29, 1892, in alighting from
a train which was in motion, and after it had gone from
150 to 175 feet beyond the station.    On the trial in the

court below, verdict and judgment were directed for the defendant.

It appears that the deceased was on the train when it pulled into the station at Middleville. ' After it had started up, and run from 150 to 175 feet, he was seen by Mr. Dietrich to step out on the platform, and with a bag in each hand jump to the ground. The witness says:

"I saw him jump. He struck on both feet. Did not take a step, and then fell over on his head. The heft of the valises took him on his head."

He struck upon ground composed of gravel and cinders. There is no very satisfactory evidence of the speed of the train, the witness saying that it was running from one to six miles an hour. From this accident the deceased became demented, and continued so up to the time of his death, in February, 1893.

The policy provided, among other things, that it should be void if the accident occurred "either directly or indirectly, wholly or in part, from ˣ * * either voluntary or unnecessary exposure to danger or to obvious risk of injury." It was *prima facie* negligence for the insured to jump from this train. *Lake Shore & M. S. Ry. Co. v. Bangs*, 47 Mich. 470; *Strand v. Railway Co.*, 64 Id. 216; *McCaslin v. Railway Co.*, 93 Id. 553; *Cousins v. Railway Co.*, 96 Id. 386. We see nothing in the circumstances which could justify or excuse the act of the deceased in taking the risk in jumping from the train, under the facts shown. In *Tuttle v. Insurance Co.*, 134 Mass. 175, it was held that under a policy of insurance against accident, providing that no claim should be made under it where the death or injury happened in consequence of exposure to any obvious or unnecessary danger, and containing a condition that the insured was required to use all due diligence for personal safety and protection, no recovery could be had for the death of the insured, which was caused by

his being struck by a railroad train while running along in front of it in the night-time, for the purpose of getting on a train approaching in an opposite direction on a parallel track. It was there said: "The danger was obvious." The deceased in the present case, in jumping from this moving train, must be held to have taken the risk, and voluntarily exposed himself to obvious risk of injury, within the meaning of the policy.

Judgment is affirmed.

The other Justices concurred.