SHEVLIN, Respondent, vs. THE AMERICAN MUTUAL ACCIDENT ASSOCIATION, Appellant.

*September 25 — October 13, 1896.*

*Accident insurance: Negligence of insured: Construction of policy: Evidence.*

1. In an action upon a policy of accident insurance for the death of the insured, who with a companion was riding upon the top of a freight train without permission, undisputed evidence that the deceased and his companion proposed to get off at a certain station; that it was agreed between them that if the train did not stop there they would jump off; that the train, instead of slowing up as it approached the station, appeared to be increasing in speed; and that the companion jumped and immediately thereafter found the deceased unconscious, lying beside the track, is *held* to afford ground for no other reasonable inference than that the deceased jumped from the moving car and thereby received the injuries which caused his death.

2. The act of jumping from the top or side of a rapidly-moving freight car is an act of gross negligence, consistent only with a conscious disregard of personal safety.

3. In an action upon a policy of accident insurance the question whether contributory negligence of the insured constitutes a defense must be determined from the terms of the policy. *Schneider v. Provident L. Ins. Co.* 24 Wis. 28, limited and explained.

4. Under an accident insurance policy excluding liability for "any injury resulting in whole or in part from *exposure to unnecessary danger*," no recovery can be had unless the insured was in the exercise of ordinary care, within the general principles of the law of negligence, at the time the accident occurred.

APPEAL from a judgment of the circuit court for Portage county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

Action to recover on a policy of accident insurance. The policy contained this exception to the liability of the company: "This insurance does not cover . . . death or injury resulting wholly or in part, directly or indirectly, from exposure to unnecessary danger." The answer alleged that the death of the assured was caused by an act within

such exception, in that, on the 20th day of November, 1892, at bout 7 o'clock in the evening, at Amherst Junction on the line of the Wisconsin Central road, the assured climbed onto a rapidly-moving freight car, and thereafter, as the train approached Amherst station, and while it was in rapid motion, he jumped off, and in doing so received the injury which caused his death. All the testimony bearing on the circumstances of the injury was given by Claus Swenson, who was in the company of the deceased at the time of the injury. His testimony is, in substance, as follows: We were fellow laborers. On the 19th day of November, 1892, after supper, while a freight train was passing Amherst Junction, we climbed onto it at about the middle. Each climbed up the side of a car. It was dark. I could not see the length of the train. I could not see the deceased while we were riding on the car, but I could hear him. After we got on the train, we agreed that if it did not stop at Amherst we would jump off. As it approached Amherst, the speed was increased. I jumped off the side. He was still on when I jumped off. I supposed he got off. Did not see him. As I went toward the depot, after jumping off, I discovered the deceased, lying unconscious by the railroad track, and about two feet from the rail. His head was toward the rail, feet toward the fence. Further evidence was produced, showing that the skull of the deceased was fractured, that he was not an employee of the road, and was riding upon the car without permission. At the close of the evidence counsel for the defendant moved the court to direct a verdict in defendant's favor, which was refused. The court submitted this question, only, to the jury: "Did the deceased, in getting upon the railroad car at Amherst Junction, and riding to or near Amherst station, and there leaving the car, expose himself to unnecessary danger?" The court instructed the jury on this subject as follows: "You are at liberty to infer from the evidence that he jumped, if

you believe that to be the reasonable logic of the evidence; or that he fell off, if you believe from the evidence that such was the fact. If you conclude that he fell off, then was this action, in climbing upon the moving box car and riding there until the accident overtook him, unnecessarily danger-ous, in view of the circumstances? And if you believe that he jumped from the car and was thereby injured, then, was it unnecessarily dangerous for him to climb and ride upon the car, and make the jump he did, in view of the purpose he had in view, and all the circumstances surrounding him at the time?" The jury answered the question, "No." Thereupon defendant's counsel moved the court to set aside the verdict as contrary to the evidence, and for a new trial, which motion was overruled. Judgment was rendered in plaintiff's favor, and defendant appealed.

For the appellant there was a brief by *Phillips & Hicks*, and oral argument by *M. C. Phillips*.

For the respondent there was a brief signed by *Jones & Jones*, attorneys, and *A. J. Smith*, counsel, and oral argument by *D. Lloyd Jones*. To the point that the question whether the deceased exposed himself to unnecessary danger was for the jury and ought to have been submitted to them, they cited *Schneider v. Provident L. Ins. Co.* 24 Wis. 28; *Traders' & T. Acc. Co. v. Wagley*, 74 Fed. Rep. 457; *Con-boy v. Railway O. E. Acc. Asso.* 43 N. E. Rep. (Ind. App.), 1017.

MARSHALL, J. It was error for the court to leave it to the jury to speculate on whether the deceased fell or jumped from the car. In view of the undisputed evidence that de-ceased and his associate, Swenson, proposed getting off the train at Amherst; that it was agreed between them that if the train did not stop there they would jump off; that the train, instead of slowing up as it approached the station, appeared to them to be increasing in speed, whereupon

Shevlin vs. The American Mutual Accident Association.

Swenson jumped, and immediately thereafter found the deceased unconscious, lying beside the track,— there is no room for any reasonable inference other than that the deceased jumped from the moving car, and thereby received the injury which caused his death.

If there is anything in the law of negligence that has been reduced to the degree of certainty requisite to a judicial code it is that, if a person unnecessarily jumps from a moving railway car, and is thereby injured, a recovery for his resulting damages is precluded on the ground of contributory negligence. So held even where the person had reached his destination, and the train had previously stopped, yet not for a reasonable length of time to allow him to alight. *Jewell v. C., St. P. & M. R. Co.* 54 Wis. 610; *Brown v. C., M. & St. P. R. Co.* 80 Wis. 162. Such an act is *prima facie* evidence of negligence. *Lake Shore & M. S. R. Co. v. Bangs,* 47 Mich. 470; *Cousins v. L. S. & M. S. R. Co.* 96 Mich. 386. Clearly, the act of jumping from the top or the side of a rapidly-moving freight car, without any reasonable cause therefor, on a dark night, constitutes more than ordinary negligence; it is an act of gross negligence; an act consistent only with a conscious disregard of personal safety, measuring such conduct by the standard of that of a reasonably prudent person.

It is argued by respondent's counsel that the general principles of the law of negligence do not apply. Authorities are cited for and against that proposition, but, by a careful examination of them all, it will be seen that to what extent the general principles of the law of negligence apply in this class of cases must be determined by the contract. If such a contract is general, insuring a person against accident occurring by external violence without any exception of the character under consideration, contributory negligence does not constitute a defense to an action on the policy. *Champlain v. Railway P. Ass. Co.* 6 Lans. 71.

There are cases, to be sure, which hold that, if an injury is attributable to the insured's own negligence, then it cannot be said to be accidental. *Morel v. Mississippi V. L. Ins. Co.* 4 Bush, 535. But the great weight of authority is to the contrary; and this court, in a well-considered case, decided that the question of contributory negligence as a defense must be determined by the terms of the policy. Such is the effect of *Schneider v. Provident L. Ins. Co.* 24 Wis. 28, upon which respondent confidently relies. The exception in the policy there under consideration was as follows: " No claim shall be made under this policy by the assured for any injury caused by his wilfully and wantonly exposing himself to any unnecessary danger or peril." The person was injured while stepping from a depot platform onto a passenger car while it was moving no faster than a person could walk. The court held that the words " wilfully and wantonly exposing himself to unnecessary danger " mean a greater degree of negligence than a mere failure to exercise ordinary care; hence any degree of negligence falling short of that does not come within the exception; that it could not be said, as a matter of law, from the facts of that case, that the negligence of the assured was of the higher degree. Such is all that was there decided, applicable to this case. The general statement in the headnote, as published, that " the fact that a person insured against injury or death by accident was guilty of negligence which contributed to an injury received by him, will not prevent a recovery on the policy," is misleading.

The doctrine of *Schneider v. Provident L. Ins. Co.* was followed in *Keene v. N. E. Mut. Acc. Asso.* 161 Mass. 149. The language of the exception in that case was, "Injury caused by *voluntary* exposure to unnecessary danger." In *Manufacturers' Acc. Indemnity Co. v. Dorgan,* 58 Fed. Rep. 945, where the same language was used, the court held that only cases of gross negligence were within the exception. Many other

cases to the same effect might be cited, while authority is not wanting that the exception, where the language is "voluntary exposure," etc., etc., is not confined to injuries caused by gross negligence. *Duncan v. Preferred Mut. Acc. Asso.* 13 N. Y. Supp. 620.

In *Tuttle v. Travelers' Ins. Co.* 134 Mass. 175, the language of the exception was "exposure to obvious or unnecessary danger." The court held the provision violated, applying the general principles of the law of negligence. Substantially the same language was used, and received the same construction, in *Travelers' Ins. Co. v. Jones,* 80 Ga. 541, and in *Smith v. Preferred Mut. Acc. Asso.* 104 Mich. 634.

In the light of the foregoing authorities, it does not appear difficult to properly construe the contract of insurance in this case. It excepts "any injury resulting in whole or in part from *exposure to unnecessary danger.*" The word "voluntary" does not occur, which led to the construction that the negligence contemplated was a conscious exposure to danger, to gross negligence, in some of the cases referred to, not necessary here to approve. It does not contain the words "wantonly and wilfully," or any equivalent words, which led to the decision in *Schneider v. Provident L. Ins. Co., supra.* The language can hardly be said to admit of two constructions, so as to invoke the application of the rule that the construction should be adopted most favorable to the assured. It plainly includes all cases of exposure to unnecessary danger where such exposure is attributable to negligence on the part of the assured; that is, the exception was intended to hold the insured responsible for the exercise of ordinary care, and to except from the provisions of the policy all cases of injury occurring in whole or in part through a failure to exercise such care. Under such a provision no recovery can be had if the injury is caused by reason of exposure to unnecessary danger, within the general principles of the law of negligence.

Under this construction of the policy, no other conclusion can be reached than that the assured came to his death by reason of his exposing himself to unnecessary danger; hence, there being no evidence to support the verdict, the trial judge erred in refusing to set it aside, and grant a new trial.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

