SARGENT, Respondent, vs. CENTRAL ACCIDENT INSURANCE COMPANY OF PITTSBURG, PENNSYLVANIA, Appellant.

*October 17 — November 5, 1901.*

*Accident insurance: Unnecessary exposure to danger: Appeal: Findings.*

1. In the absence of circumstances of excitement, haste, or other peril so imminent and engrossing as to force his attention away from the danger incurred by his conduct, one who places his wrist in front of the muzzle of his gun, loaded and cocked, as he reaches for it to draw it towards him through a fence, unnecessarily exposes himself to danger, within the meaning of an accident policy excluding from the risk disability "resulting wholly or partly, directly or indirectly, from . . . unnecessary exposure to danger."

2. A finding of the trial court which is conclusively negatived by all the testimony and the only reasonable inference therefrom will be set aside on appeal and a contrary finding substituted therefor.

APPEAL from a judgment of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Reversed.*

Action upon a policy of accident insurance, excluding from the risk " death, (or) loss of limb or sight, (or) disability resulting wholly or partly, directly or indirectly, from . . . unnecessary exposure to danger." Plaintiff was wounded in the right wrist by the accidental discharge of his own gun under circumstances detailed in the opinion, whereby amputation of the right hand was rendered necessary. The action was tried to the court without a jury, and findings filed to the effect, among others, that the injury did not result, wholly or partly, directly or indirectly, from unnecessary exposure to danger, to which exception was duly taken. Judgment went for the plaintiff for $2,500, with interest and costs, from which the defendant appeals.

For the appellant there was a brief by *Swett & Ecke,* and oral argument by *O. H. Ecke.* They argued, among other things, that under the terms of this policy there could be no recovery unless the insured was in the exercise of ordinary care, within the general principles of the law of negligence, at the time the accident occurred. *Shevlin v. Am. M. A. Asso.* 94 Wis. 180, 185; *Cornish v. Accident Ins. Co.* 23 Q. B. Div. 453; *Lovell v. Accident Ins. Co.* 3 Ins. L. J. 877; *Sawtelle v. Railway P. A. Co.* 15 Blatchf. 216; *Smith v. Preferred M. A. Asso.* 104 Mich. 634; *Tuttle v. Travellers' Ins. Co.* 134 Mass. 175, 45 Am. Rep. 316; *Metropolitan A. Asso. v. Taylor,* 71 Ill. App. 132; *Collins v. Fidelity & C. Co.* 63 Mo. App. 253.

For the respondent the cause was submitted on the brief of *C. E. Hooker.*

DODGE, J. The circumstances of plaintiff's injury are established wholly by his own testimony and statements. He was hunting, with two companions, who were on the other side of a fence and not in sight of him. Desiring to join

them, he leaned his gun against the fence, and climbed over. His testimony in chief as to the accident was in the following words: "I went to get over the fence, and put my gun up by the fence, and after I got over the fence the accident happened. How it occurred, I don't know. I must have reached for the gun. . . . My right hand was shot off at the wrist." On cross-examination he said, "I had no idea how I got hold of the gun, or how it happened at all." In his notice and proofs of loss he makes the statement, "I had just climbed over a fence, and in reaching for my gun it accidentally discharged, the shot entering my right wrist," requiring the amputation of the right hand. It appeared without contradiction that the gun was at full cock before its discharge.

The force and effect of the clause in the policy excepting the defendant from liability for injuries due to unnecessary exposure to danger has received authoritative construction in this court in *Shevlin v. Am. M. A. Asso.* 94 Wis. 180, where it is held to be satisfied by the same acts that would constitute contributory negligence, and a distinction is drawn between the expression present in this policy and the expression a "voluntary or wilful exposure to unnecessary danger," the latter being construed to describe gross negligence, in the sense of a *conscious* exposure to a known peril. Applying the law of this case to the facts disclosed by the plaintiff's own uncontradicted and unqualified description of the event, there is no room for difference of opinion as to what transpired, nor for different inferences therefrom as to the existence of that negligence which constitutes an unnecessary exposure to danger. From the accident itself there can, of course, be no doubt that plaintiff placed his wrist in front of the muzzle of his gun, loaded and cocked, as he reached for it to draw it towards him through the fence. This was, of course, unnecessary. It is always possible, if one must draw a loaded gun through a fence, to re-

frain from placing any portion of his person in front of the muzzle. Such exposure is of itself negligence of the most obviously inexcusable kind; not the conduct which the uniform experience of mankind teaches may be expected from the man of ordinary prudence. Whether, indeed, there might be circumstances of excitement, haste, or other peril so imminent and engrossing as to force one's attention away from the danger incurred by conduct like the plaintiff's is a question analogous to that discussed in some of the railroad crossing cases (*Guhl v. Whitcomb*, 109 Wis. 69, 74), but one which need not be considered here, as none of such circumstances are suggested to have been present. The finding of the circuit court that plaintiff's injury did not result from unnecessary exposure to danger is not only antagonized by the great preponderance of the testimony; it is conclusively negatived by all the testimony and the only reasonable inference therefrom. It must, therefore, be set aside, and a contrary finding on that subject substituted for it.

Other questions passed upon by the court below and argued before us are by the foregoing conclusion rendered wholly immaterial. Judgment for the defendant necessarily results from the foregoing change in the findings.

*By the Court.*—Judgment reversed, and cause remanded with directions to render judgment for the defendant.