PREFERRED ACC. INS. CO. OF NEW YORK v. MUIR.

(Circuit Court of Appeals, Third Circuit. January 15, 1904.)

No. 45 .

1. INSURANCE—ACCIDENT POLICY—CONDITIONS—PUBLIC CONVEYANCE—RIDING ON PLATFORM.

Where an accident policy exempted the company from liability in case of injury while insured was attempting to enter or leave any public conveyance, or while riding in a caboose attached to a freight or mixed train, it did not preclude a recovery, as a matter of law, for insured's death from being thrown from the platform of a railroad passenger car in the daytime while the train was running between 50 and 60 miles an hour, he having gone to the platform for the purpose of vomiting after he had tried the closet door and found it locked.

2. SAME—OBVIOUS DANGER—EXPOSURE.

Insured's act in going on the platform under such circumstances did not, as a matter of law, constitute unnecessary or negligent exposure to obvious danger, within another provision of the policy exempting defendant from liability for insured's death from such exposure.

3. SAME—DISEASE.

Where an accident policy provided that no recovery should be had in case of death resulting wholly or partly, directly or indirectly, from disease in any form, either as a cause or effect, the term "disease" did not apply to a temporary derangement of the stomach, so as to preclude a recovery for insured's death by being thrown from the platform of a railway train, whence he had gone for the purpose of vomiting.

---

¶ 1. Accident insurance, risks and causes of loss, see note to National Acc. Soc. v. Dolph, 38 C. C. A. 3.

¶ 3. See Insurance, vol. 28, Cent. Dig. § 1177.

**4. SAME—DOUBLE INDEMNITY CLAUSE.**
Where an accident policy provided for double indemnity in case insured should be injured while riding as a passenger in or on a public conveyance, it could not be limited to a case of injury while insured was riding "inside" of a railroad car, so as to preclude a recovery thereunder for death occasioned from insured's being thrown from the platform of such car.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Richard C. Dale, for plaintiff in error.
A. S. MacDade and W. B. Broomall, for defendant in error.

Before ACHESON and GRAY, Circuit Judges, and McPHERSON, District Judge.

ACHESON, Circuit Judge. This was an action brought by Emma R. Muir against the Preferred Accident Insurance Company of New York upon a policy of insurance issued by that company bearing date May 16, 1900, whereby, in consideration of an annual premium of $24, it insured Walter H. Muir for a term of one year against the effects of bodily injury caused solely by external, violent, and accidental means, and agreeing (inter alia) :

"(d) That if death shall result from such injury within 90 days from the date thereof, the company shall pay the sum of $5,000 to Emma R. Muir (wife) if surviving," and

"(e) if such injury shall be received by the insured while riding as a passenger in or on a public conveyance provided by a carrier of passengers for compensation and propelled by steam, electricity or cable (other than in a caboose attached to a freight or mixed train), * * * then the amount to be paid to the insured or his beneficiary as the case may be shall be double the amount which would under the terms of this policy be otherwise payable for such injury."

"The double indemnities accruing under clause (e) shall not, however, be applicable to any injury (whether fatal or non-fatal) which may result from an attempt to enter or leave any of the conveyances therein specified."

The policy further provided:

"This insurance does not cover * * * any case of death whatever, except where the claimant shall furnish to the company direct and positive proof that such * * * death resulted proximately and solely from accidental causes; * * * nor death * * * resulting wholly or partly, directly or indirectly * * * from unnecessary or negligent exposure to obvious danger * * * from disease in any form either as a cause or effect."

The questions of law which we are called on to decide arise upon five assignments of error to the refusal of the court below to affirm five certain points or requests for instructions submitted by the defendant. Those points or requests for instructions to the jury were as follow :

"(3) The policy in suit provides that it does not cover death resulting wholly or partly, directly or indirectly, from unnecessary or negligent exposure to obvious danger. If the jury find from the evidence that the deceased met his death by falling from a moving train while standing upon the platform of the car in which he had been riding, there can be no recovery in this action and the verdict must be for the defendant.

"(4) The policy upon which suit is brought provides that it does not cover death resulting wholly or partly, directly or indirectly, from disease in any

form, either as a cause or effect. If the jury find from the evidence that the deceased met his death by falling from a moving train while standing upon the platform of the car in which he had been riding, where he had gone in order to relieve himself by vomiting, then the death of the deceased resulted partly or indirectly from disease either as a cause or effect, and there can be no recovery in this action, and the verdict of the jury should be for the defendant.

"(6) The policy of insurance upon which this action is brought provides that double indemnities accruing under clause 'e' shall not, however, be applicable to any injury, whether fatal or nonfatal, which may result from an attempt to enter or leave any of the conveyances therein specified, to wit, a public conveyance provided by a carrier of passengers for compensation and propelled by steam, electricity, or cable. If the jury find that the deceased met his death after leaving the interior of the passenger coach in which he was riding, and while standing on the platform, by falling therefrom, there can be no recovery of the double indemnity, to wit, the additional sum of $5,000 claimed under clause 'e' of the policy.

"(7) Under the evidence in this case there can be no recovery under clause 'e' of the policy.

"(8) Under all the evidence in the case the verdict of the jury must be for the defendant."

It will be perceived that points numbered 3, 4, and 8, which respectively are the subject of the first, second, and fifth assignments of error, go to the plaintiff's right to recover at all, and that the points numbered 6 and 7, which respectively are the subject of the third and fourth assignments of error, go to the plaintiff's right to recover the stipulated double indemnity.

It appears that on the morning of September 27, 1900, Walter H. Muir, the insured, boarded the train of the Philadelphia, Wilmington & Baltimore Railroad Company at Chester to go to Philadelphia. He occupied a seat in the smoking car, about midway of the car, next the window. Shortly after leaving Chester, Mr. Muir complained of sickness at the stomach and of his wanting to vomit. His companion in the same seat said, "Try the window." Muir replied, "No, I do not want to knock my head off." He then walked to the front end of the car, took hold of the knob of the closet door, and found it locked. Then he took hold of the knob of the car door, opened the door, and stepped out on the platform, and when last seen was apparently stooping over in the act of vomiting. Judging from the place where Mr. Muir's body was found, the accident by which he lost his life must have occurred very soon after he went upon the platform of the car. His traveling companion testified that he should judge the train was running about between 50 and 60 miles a hour.

The position which the insurance company took in the court below and takes here is that the mere fact that the insured was standing upon the platform of the car at the moment of the accident is conclusive as matter of law against the plaintiff's right to recover. The defendant's third point embodies that proposition. Yet the policy—which was prepared by the company itself—does not in terms except from the risk, either wholly or partially, injuries, whether fatal or nonfatal, occurring while the insured is upon the platform of a moving car. The policy in its double indemnity clause does contain other express exceptions, namely, riding as a passenger "in a caboose attached to a freight or mixed train," and "any injury (whether fatal

or nonfatal) which may result from an attempt to enter or leave any of the conveyances therein specified." The company well knew how to protect itself from undesirable risks. If, then, it intended to exclude from the benefit of the policy death resulting from an injury occurring while the insured was upon the platform of a moving car, it was easy to say so. Had this been the intention, presumably it would have been expressed. We think that it is not for the court to interpolate into the policy such an exception.

The language of the excluding clause of the policy is death resulting "from unnecessary or negligent exposure to obvious danger." Observe, it is not merely exposure to danger, but exposure to "obvious danger"; that is, manifest, easily discovered, seen or understood danger. Furthermore, the exposure by the insured of himself to obvious danger is not enough to satisfy the clause. It must be "unnecessary or negligent exposure." In the present instance, how could the court say, as matter of law, that the insured exposed himself to obvious danger unnecessarily or negligently? Seized with a sudden vomiting spell, and the closet which he sought to enter being closed against him, the insured, acting upon a natural impulse, and obeying the dictates of decency and propriety, stepped across the threshold of the car door, and for a moment or two stood upon the platform in the act of vomiting. It may reasonably be supposed that the insured would grasp with his hands the iron hand railing of the car. Muir did not choose the platform of the car as a place for riding, but took it temporarily under stress of the predicament in which he suddenly found himself. The occurrence was in daylight. It was, we think, for the jury, and not for the court, to determine whether the insured was fairly chargeable with "unnecessary or negligent exposure" of himself "to obvious danger" in the special circumstances. The speed of the train was not the only fact to be regarded, but the jury had the right to take into consideration also the condition of the roadbed as to its solidity, whether the train was running upon a straight track, the equipment of the platform with hand railing, and all the facts and circumstances of the case. In Gardner v. Michigan Central Railroad Co., 150 U. S. 349, 361, 14 Sup. Ct. 140, 144, 37 L. Ed. 1107, Chief Justice Fuller, speaking for the court, said that "the question of negligence is one of law for the court only where the facts are such that all reasonable men must draw the same conclusion from them; or, in other words, a case should not be withdrawn from the jury unless the conclusion follows as matter of law that no recovery can be had upon any view which can be properly taken of the facts the evidence tends to establish." We think that the court below followed this principle in refusing affirmance of the defendant's third and eighth points

The second assignment of error and the point upon which it is based relate to that provision of the policy which excludes death "resulting wholly or partly, directly or indirectly, * * * from disease in any form either as a cause or effect." It seems to us that the term "disease," as here used, was not intended to cover and does not apply to a temporary derangement of the functions of some organ such as Muir experienced on this occasion. Connecticut Life Insurance Co. v. Union Trust Co., 112 U. S. 250, 257, 5 Sup. Ct. 119, 28

126 F.—59

L. Ed. 708. Besides, Muir's sickness at the stomach was a mere coincidence. It was the occasion of his going upon the platform of the car, but it was not a cause of death within the fair meaning of this provision. The defendant, we think, was not entitled to the affirmance of its fourth point.

It seems very clear to us that this case does not come within the meaning of that provision of the double indemnity clause which excepts death "which may result from an attempt to enter or leave any of the conveyances therein specified." Muir was making no such attempt. Nor do the terms of the policy exclude the surviving wife from the benefit of double indemnity because Muir was upon the platform of the car at the moment of the accident. The words of the double indemnity stipulation are, "If such injury shall be received by the insured while riding as a passenger in or on a public conveyance," etc. Muir's case is within the very terms of the stipulation. We are not at liberty to say that when the stipulation reads "in or on a public conveyance," it means inside of the railroad car. This double indemnity clause, as we have seen, contains express exceptions, but standing upon the platform of the car is not one of them. In the case of Ætna Life Insurance Co. v. Vandecar, 86 Fed. 282, 30 C. C. A. 48, which has been pressed upon our attention, the provision was, "If such injuries are sustained while riding as a passenger in a passenger conveyance," etc., and the ruling there proceeded upon that restricted language. We are of opinion that the court below rightly refused the instructions asked for by the defendant's sixth and seventh points.

Upon the whole we find no error in this record, and therefore the judgment of the Circuit Court is affirmed.