NATHANIEL PRICE v. STANDARD LIFE & ACCIDENT INSURANCE COMPANY.[1]

May 27, 1904.

Nos. 13,847—(109).

**Accident Insurance—Negligence.**

A clause in an accident insurance policy limiting the right of recovery to the amount of one thousand dollars, in case of death "due to unnecessary exposure to obvious risk of injury or obvious danger, * * *" must be deemed to include all cases of exposure to unnecessary danger attributable to negligence on the part of the insured. The general principles of the law of negligence apply, and a recovery cannot be had for the larger amount contracted to be paid, unless the assured exercised ordinary care.

**Evidence.**

The evidence being conflicting, the question involving the alleged negligence of the insured was properly submitted to the jury.

Action by plaintiff, as administrator of the estate of Margaret Price, deceased, to recover $5,000 and interest upon a policy of accident insurance issued to Elijah Price, deceased, and payable to plaintiff's intestate in case of death of the insured. The case was tried before Simpson, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Cobb & Wheelwright* and *E. A. Prendergast,* for appellant.

By weight of authority, the language, "due to unnecessary exposure to obvious risk of injury or obvious danger," includes all cases of exposure to unnecessary danger where such exposure is attributable to negligence on the part of the assured. In other words, in such cases, the general principles of the law of negligence apply. Tuttle v. Travellers, 134 Mass. 175; Smith v. Preferred, 104 Mich. 634; Shevlin v. American, 94 Wis. 180; Sargent v. Central, 112 Wis. 29; Cornish v. Accident, 23 Q. B. Div. 453; Fidelity v. Chambers, 93 Va. 138; Williams v. U. S., 133 N. Y. 366; Follis v. U. S., 94 Iowa, 435; Glass v. Masons Fraternal Acc. Assn., 112 Fed. 495.

[1] Reported in 99 N. W. 887.

The insured subjected himself to unnecessary exposure to obvious risk of injury and obvious danger, when he attempted to start a fire by pouring kerosene oil from a closed can into a base burner coal stove, in which he knew there had been a coal fire the night before, and which fire he knew was accustomed to burn all night. The courts take judicial notice of the fact that kerosene oil, under certain conditions, is explosive. State v. Hayes, 78 Mo. 307; Jamieson v. Indiana, 128 Ind. 555; Lanigan v. New York, 71 N. Y. 29; Fuchs v. City, 133 Mo. 168.

*John M. Rees,* for respondent.

Mere negligence or carelessness of the insured causing an accident is no defense in an action on an accident policy containing a clause as to unnecessary exposure to danger. Wilson v. Northwestern Mut. Acc. Assn., 53 Minn. 470. Exceptions of this kind are construed most strongly against the insurer and liberally in favor of the insured. Equitable v. Osborn, 90 Ala. 201; 16 Am. & Eng. Enc. (2d Ed.) 958.

Where death results from accidental means, the company must allege and prove facts necessary to bring the case within the exception limiting the company's general liability. 1 Am. & Eng. Enc. (2d. Ed.) 332.

DOUGLAS, J.

On March 9, A. D. 1901, defendant issued to one Elijah Price its policy of accident insurance, and therein agreed, in case of his death by accident within one year, to pay to Mrs. Margaret Price, the mother of the insured, $5,000, upon the express condition, however, that

> In event of death * * * due to unnecessary exposure to obvious risk of injury or obvious danger, * * * then in all such cases * * * the limit of this company's liability shall be one-fifth the amount otherwise payable under this policy, anything to the contrary in this policy notwithstanding.

Before the death of his mother, and on December 15, 1901, the insured, while attempting to light a fire with kerosene oil, received injuries from the effect of which he died the next day. The trial of an action brought to recover upon this policy resulted in a verdict in favor of the plaintiff for the sum of $5,480.81, being $5,000 and interest.

Defendant appeals from an order of the trial court overruling its motion for a new trial.

Two general questions are presented: (1) Whether the verdict is supported by the evidence, and (2) whether the trial judge erred in his charge to the jury, and in refusing to charge that the maximum amount of their verdict should not exceed the sum of $1,000 and interest.

The evidence as to just how the accident occurred is unsatisfactory. Only one witness saw it. Mrs. Sargent, a nurse employed in the house where it occurred, testified that while looking through a radiator into the room below, she saw the deceased put kindling wood in at the front door of a self-feeding coal stove, and pour kerosene oil from an oil can into the stove; also that she saw him, a moment later, again pour oil from the same can into the stove; that he wore simply an undershirt, drawers and stockings at the time; that she looked away for perhaps a minute, when an explosion occurred in the room below, which turned out to be an explosion of the oil can held by him. She ran downstairs, and with other assistance put out the fire, which had spread to the lounge and carpet. The deceased, who was enveloped in flames, ran outdoors, plunged into the snow and extinguished the fire, but died the subsequent day from the injuries received. This was about seven o'clock in the morning.

The witness also testified that the fire ordinarily burned all night, but frequently went out; that it was burning the night before at eleven o'clock; that the room was cold in the morning, and she put her hand upon the stove, and that, too, was cold. A young man employed in the barn at the rear of the house testified that he came in, before the fire upon the carpet was extinguished, and adjusted the stovepipe, which had become separated by the explosion. He stated that he placed his hands upon both the pipe and stove, and they were cold; also that he looked into the stove and did not observe any fire. This was all the evidence offered on behalf of the plaintiff bearing directly upon the accident.

Only one witness was called on behalf of defendant, a chemist, who testified that, in a majority of cases when kerosene is poured upon a fire from the upper part of a can partially filled with gas, a small amount of gas will follow the stream of oil, and as soon as it is heated to a flash point a flame is likely to follow up the running stream and explode the gas contained in the can. It is fair to assume the ex-

plosion was caused in this manner by the act of the deceased in pouring oil either upon a hidden or exposed fire in the stove. Other theories were suggested in the argument, but we assume this conclusion may be inferred from the evidence.

We are of the opinion the clause in the policy limiting the right of recovery to the sum of $1,000 in case of death "due to unnecessary exposure to obvious risk of injury or obvious danger," must be deemed to include all cases of exposure to unnecessary danger, where such exposure is attributable to negligence on the part of the assured. In such cases the general principles of the law of negligence apply, and a recovery cannot be had unless the insured exercised ordinary care. Tuttle v. Travellers, 134 Mass. 175; Shevlin v. American, 94 Wis. 180, 68 N. W. 866. The trial court adopted this view of the law, and submitted the disputed questions of fact to the jury for determination. The instructions were given at different times as the jury was recalled, and were not extremely clear, but the court in substance directed the jury to find a verdict against the defendant not exceeding $1,000, if the assured knew, or could have known by the exercise of reasonable diligence, that there was fire in the stove at the time he poured kerosene oil therein.

As we have seen, the evidence upon this crucial point was conflicting. Condensed, it amounted to this: Many circumstances indicated negligence on the part of assured; while, on the other hand, the only witness who looked into the stove at the time testified that he did not observe any fire, also that the stove was cold; and Mrs. Sargent testified that both the stove and the room in which the explosion occurred were cold. Under the circumstances, the learned trial judge did not err in submitting to the jury the question of the alleged negligence of the assured in all its phases. Neither did the court err in charging that the word "obvious," as used in the policy, means apparent, perceivable, or whether or not a thing can be seen. In conclusion, the main question was submitted to the jury in the following language:

> But a person who came into a situation of danger under such circumstances that he came in there unintentionally, or without willing it, by reason of the fact that he did not perceive the danger, and could not have perceived it in the exercise of his faculties, the exercise of ordinary intelligence, as a person would

ordinarily exercise them under like circumstances, then it could not be said that he had unnecessarily exposed himself to obvious risk.

We are of the opinion that the charge in its entirety fairly submitted the issues involved to the jury, and that the verdict is sustained by the evidence.

Order affirmed.