Opinion by
Morrison, J.,
The action was on a policy of insurance issued by the defendant to Edmund A. Alloway, insuring him against injury resulting from accident. In his application the insured set .forth that his occupation was that of a “clerk in a store, not •doing porter’s work.” The policy was dated August 29, 1903. It contained the following: “In event of injuries, fatal or otherwise, resulting from an unnecessary exposure to obvious risks of injury or obvious risks of danger .... in such case the limit of the company’s liability shall be one-fifth of the amount which would otherwise be payable under this policy.” The policy also provides: “If the insured is injured after having changed his occupation or duties to one classified by this company as more hazardous than that herein stated, or is injured while doing any act or thing pertaining to any more hazardous occupation, the company’s liability shall be only for such proportion of the principal sum or other indemnity as the premium paid by him will purchase at the rate fixed by the company.”
The policy was for the sum of $400; the judgment is for the amount of the policy, with interest. The contention • of the learned counsel for defendant is that because the insured ■lost his life on July 23, 1906, by reason of an explosion of powder in a house about one and one-fourth miles away from the store where he was employed, he was killed from unnecessary exposure to obvious risks of injury or obvious danger so •that the liability of the company was limited to the one-fifth of the amount of the policy, under the clause first above quoted. .It is not contended that the insured changed his occupation to a more hazardous one; he was a clerk' in a store, and continued in this same employment to his death, and under the . undisputed evidence it must be conceded that one of his duties as such clerk was, when so directed by his employer, to go to the powder house and deliver powder to customers of his employer.
-.The policy did not prohibit the insured from handling *378 powder or anything else kept in a general store in a mining region. The court below was of the opinion that the injuries to the insured did not result from unnecessary exposure to obvious risks of injury or obvious danger, and, therefore, entered judgment against the defendant for the full amount of the policy, with interest.
The real question, then, is: can this ruling be sustained? We think it has been fully vindicated by the opinion of the learned court below and the authorities therein cited. That opinion is so full and clear that it seems unnecessary for us to attempt to add anything to it. We are not convinced that under the policy the insured was prohibited from properly and reasonably handling explosives, or anything else usually sold in a general store. He described his occupation in his application as a “clerk;” general duties in a store, not doing porter’s work.
If he had sold and delivered powder in the store, it ought not to be held that he was unnecessarily exposing himself to obvious risks of injury or obvious danger. It would hardly be possible to convince experienced and prudent persons familiar with powder, that weighing it out and delivering it to customers, would be unnecessary exposure to obvious risks or obvious danger. If powder is carefully handled, it is not obvious that it will become dangerous. It is an article that is being constantly handled by many men who consider themselves careful and prudent. If the insured could have sold and delivered powder in the store, without violating .the terms of the policy, it is not apparent why he could not go to the powder house and sell and deliver powder under the direction of his employer and in the line of his duty.
' Unless the insured knew of or saw something at the powder house which might explode the powder, how can it be said that he exposed himself to obvious risk or obvious danger? There is no evidence of how the explosion happened, nor is there a particle of evidence that anything came to the attention or knowledge of the insured to warn him of obvious danger while he was at the powder house, or at any time before.
The able argument of the learned counsel for the defendant *379 has not convinced us that there is any serious error in. the record and, therefore, the assignments of error are all dismissed.
Judgment affirmed.