# JANUARY TERM, 1913.

---

WALTER *v.* PEOPLE'S HEALTH & ACCIDENT INSURANCE CO.

1. INSURANCE—NEGLIGENCE—EXPOSURE TO DANGER.

Under a proviso in an insurance policy limiting the recovery to two-fifths of the full amount of insurance, if death should "result from unnecessary exposure to obvious risk of injury or obvious danger," plaintiff could recover the full amount of the policy unless the insured was guilty of gross or wanton negligence. [1]

2. SAME.

Evidence that decedent, who was engaged in buying and shipping produce, was killed while walking on the railroad right of way, that he stepped off the tracks when the whistle blew and, seeming to become confused as the train approached, hesitated, turned about and fell in the way of the locomotive, that the public used the tracks at the point in question for a regular traveled way, presented a question of fact for the jury as to whether the act of decedent was intentional and whether he was guilty of gross or wanton negligence.

Error to superior court of the city of Grand Rapids; Stuart, J. Submitted November 17, 1911. (Docket No. 137.) Decided February 18, 1913.

Assumpsit by Carrie M. Walter against the People's Health & Accident Insurance Company upon a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

---

[1] On the question of voluntary exposure to unnecessary danger, within meaning of insurance policy, see notes in 40 L. R. A. 432; 22 L. R. A. (N. S.) 779; 27 L. R. A. (N. S.) 1164; and 40 L. R. A. (N. S.) 135.

*Geo. E. & M. A. Nichols* (*F. O. Eldred*, of counsel), for appellant.

*Smedley, Hall & Gillard*, for appellee.

Bird, J. The plaintiff is the beneficiary of an insurance policy issued by the defendant company, insuring plaintiff's husband against accidental injuries, sickness, or death. In January, 1910, the insured was killed while walking on the right of way of the Grand Rapids & Indiana Railway Company near the station of Reno. The defendant refused to pay the full insurance, but tendered two-fifths of it, under stipulation "K" of its policy, which provides that, in the event of death—

"Resulting from unnecessary exposure to obvious risk of injury or obvious danger, * * * the limit of the company's liability shall be two-fifths of the amount which would otherwise be payable under the policy."

This amount was refused by the beneficiary, and a trial resulted in a judgment for her of $780, the full amount of the policy. It is the claim of the defendant that, under this stipulation in the policy, the plaintiff was entitled to recover only two-fifths of the amount named in the policy, as it was conceded that the insured was killed while walking on the railroad right of way, and that, as there was no conflict in the material testimony, the trial court should have determined the question as one of law, instead of submitting it to the jury.

It appears that the insured was a commission merchant, engaged in buying, loading, and shipping farm produce at the stations in the vicinity of Reno; that on the morning of the day he was killed he drove from his home to Reno, left his team in the blacksmith shop, and proceeded on foot to Harrington, one mile south of Reno. While returning the engineer of the south-bound train, which ran over him, saw him walking between the rails in the vicinity of Reno station. Four hundred and seventy-nine feet north of this station the track is crossed by a highway,

which is the main street of the village. When the engineer whistled for this street crossing, the insured stepped outside of the rails, and a moment later, when the station whistle was given, he stepped further away, and continued on his way toward the village. When within 60 or 70 feet from the locomotive, he was seen by the fireman to hesitate, turn partly around, and place his hands on his breast and fall on the track. The fireman testified that his face had a peculiar look, a confused or muddled look. There was snow on the ground at the time to the depth of eight inches, and at the point where he was struck it was nearly two feet deep, owing to the fact that snow had been thrown out and away from a switch near by. The insured was 52 years of age, and in good health, although his wife testified that he was not feeling well when he left home in the morning. It is argued from these facts that the insured came to his death from his own carelessness, and from unnecessary exposure to obvious risk of injury and obvious danger, and that the trial court was in error in refusing to so instruct the jury.

This court in the case of *Johnson* v. *Accident Co.*, 115 Mich. 86 (72 N. W. 1115, 40 L. R. A. 440, 69 Am. St. Rep. 549), defined the term "voluntary exposure to unnecessary danger" as meaning "a conscious or intentional exposure, involving gross or wanton negligence on the part of the insured." It is pointed out that the exception thus defined differs materially from the one in suit, in that the word "voluntary" is omitted in the latter, and that by reason thereof a greater degree of care is required on the part of the insured. In the later case of *Irwin* v. *Benefit Ass'n*, 127 Mich. 630 (86 N. W. 1036), the wording of the exception was "voluntary or unnecessary exposure to danger." An effort was made in that case to distinguish it from *Johnson's Case*, based upon the difference in the wording of the exceptions, but the court refused to do so, and expressly held that it was ruled by *Johnson's Case*. The effect of the exception in the instant case is substantially like the one in the *Irwin Case*, and

we must hold that it is ruled by it.    It follows, then, that the test of the insured's conduct is whether he was guilty of gross or wanton negligence.

Testing the insured's conduct by this rule, we do not think it can be said as a matter of law that the insured was guilty of gross or wanton negligence in walking upon the railroad right of way and track from the station to the village.   There was no direct inhibition in the policy against walking upon the tracks or right of way of a railway.   It was shown by the testimony that it was the usual traveled way from the station to the village, and that it had been so used for 24 years.   If the insured simply did what the patrons of the railroad were in the habit of doing, he could not be charged, as a matter of law, with gross or wanton negligence.   In walking upon the track, in leaving it when the whistle was sounded, and in moving further away from the track, as the train came nearer, the conduct of the insured was that of an ordinarily prudent man.   When he stopped, turned half around, placed his hands on his breast, and with an excited or muddled look on his face fell over on the track, his conduct was that of an abnormal man, and whether this abnormal conduct was intentional or otherwise is a question about which reasonable minds might differ.   The insured's conduct in its entirety, considered in connection with the attendant circumstances, presented a question from which different inferences might fairly be drawn, and it was therefore a proper question for the jury.   *Continental Casualty Co.* v. *Johnson,* 119 Ill. App. 93; *North American Accident Co.* v. *Gulick,* 25 Ohio Cir. Ct. R. 395; *Alloway* v. *Insurance Co.,* 35 Pa. Super. Ct. 371; *Preferred Accident Ins. Co.* v. *Muir,* 126 Fed. 926, 61 C. C. A. 456.

The judgment of the trial court is affirmed.

STEERE, C. J., and McALVAY, STONE, and OSTRANDER, JJ., concurred.