## J. A. GILLIS v. DULUTH CASUALTY ASSOCIATION.[1]

June 9, 1916.

Nos. 19,749—(140).

**Accident insurance—unnecessary exposure to risk—construction of phrase.**

    1. A policy of accident insurance exempted the insurer from liability in case the accident resulted from "unnecessary exposure to obvious risk of injury." It is *held* that the insured, a passenger on a railway train, did not as a matter of law expose himself to obvious risk of injury, within the meaning of the policy, by going upon the platform of a moving car preparatory to getting off at a station, and the trial court properly submitted the question of unnecessary exposure to the jury.

**Same — double indemnity — construction of provision.**

    2. A policy of accident insurance provided for double indemnity when the injury was sustained "while riding as a passenger on any railway passenger car." It is *held* that the insured when on the platform of a car preparatory to getting off, in the way provided by the carrier, or in the act of doing so, was within the meaning of the policy riding as a passenger on a railway passenger car.

Action in the district court for St. Louis county to recover $560 upon defendant's accident insurance policy. The case was tried before Ensign, J., and a jury which returned a verdict for the amount demanded. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*James A. Wharton,* for appellant.

*Dietrich & Dietrich* and *John Jenswold,* for respondent.

DIBELL, C.

Action on an accident insurance policy. Verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or for a new trial.

1. Under the policy the defendant was not liable for an accident resulting from "unnecessary exposure to obvious risk of injury." The

[1]Reported in 158 N. W. 252.

plaintiff, a timber cruiser, was a passenger on a mixed train on the Duluth & Iron Range. His destination was the station of Alger, where the train let off passengers. The station was a mere stopping place without the usual facilities of a country depot. It was night time. When the train approached the station the plaintiff went onto the platform of the coach, while the train was in motion, preparatory to getting off, and just as the train stopped or was about to stop he was thrown off, so he claims, and, the evidence is sufficient to sustain his contention, by a jerk. The defendant claims that, in going upon the platform as he did, the plaintiff unnecessarily exposed himself to an "obvious risk of injury" within the meaning of the policy and that he cannot recover. In Price v. Standard Life & Acc. Ins. Co. 92 Minn. 238, 99 N. W. 887, there is perhaps an intimation that a lack of ordinary care by the insured, otherwise negligence, is a defense to a policy containing such a clause. It is quite generally held, however, that to defeat a recovery there must be a conscious assumption of an obvious risk of injury—something like an appreciation of danger and a purpose to chance it. The cases are collected and discussed in a note to Diddle v. Continental Casualty Co. (65 W. Va. 170, 63 S. E. 962), in 22 L.R.A.(N.S.) 779. The court submitted to the jury the question of voluntary exposure under appropriate instructions to which no objections were then or are now made. The question was not one of law. Usually under similar policy provisions the question is held to be one of fact. Ashenfelter v. Employers' Liability Assur. Corp. 87 Fed. 682, 31 C. C. A. 193; Travelers Ins. Co. v. Randolph, 78 Fed. 754, 24 C. C. A. 305; Keene v. New England Mut. Acc. Assn. 161 Mass. 149, 36 N. E. 891; Duncan v. Preferred Mut. Acc. Assn. 13 N. Y. Supp. 620; Preferred Acc. Ins. Co. v. Muir, 126 Fed. 926, 61 C. C. A. 456. The circumstances of a case may be such as to make the question of exposure a question of law. Shevlin v. American Mut. Acc. Assn. 94 Wis. 180, 68 N. W. 866, 36 L.R.A. 52, where the insured jumped from the top of a rapidly moving train, is an illustration. And see Smith v. Preferred Mut. Acc. Assn. 104 Mich. 634, 62 N. W. 990. The question of voluntary exposure was submitted without prejudice to the defendant.

2. The policy promised double indemnity in case the insured sustained an injury "while riding as a passenger on any railway passenger car." The court submitted the question of double indemnity to the jury charg-

ing them that one who becomes a passenger "continues to be a passenger * * * until he reaches his destination and has had a reasonable opportunity, by safe and convenient means, to leave the car." The instruction was accurate. Within the meaning of the policy a passenger is riding as a passenger until he alights at his destination in the ordinary way provided by the carrier. When the plaintiff was on the platform of the moving car, preparatory to getting off, or while in the act of getting off, using the facilities furnished, he was riding as a passenger on a passenger car within the meaning of the policy. The following cases support the principle: Preferred Acc. Ins. Co. v. Muir, 126 Fed. 926, 61 C. C. A. 456; King v. Travelers Ins. Co. 101 Ga. 64, 28 S. E. 661, 65 Am. St. 288; James v. United States Casualty Co. 113 Mo. App. 622, 88 S. W. 125; Fidelity & Casualty Co. v. Morrison, 129 Ill. App. 360; Barber v. Travelers Ins. Co. 165 Ill. App. 239; Depue v. Travelers Ins. Co. (C. C.) 166 Fed. 183; Theobald v. Railway Passenger Assur. Co. 10 Exch. 45. There are hardly cases to the contrary. In a note to Primrose v. Casualty Co. [232 Pa. St. 210, 81 Atl. 212], in 37 L.R.A. (N.S.) 618, cases construing similar policies are collated. The court correctly construed the policy.

Assignments other than those discussed do not require specific mention. The trial was without error.

Order affirmed.