## WILLIAM B. OAKLEY v. NATIONAL CASUALTY COMPANY.

(Filed 28 February, 1940.)

**1. Insurance § 38—**

An accident policy providing benefits if insured should become disabled in consequence of being struck by an automobile, but providing further that motorcycles are "excluded as automobiles under this policy," does not preclude recovery for disability resulting from a collision between an automobile and a motorcycle driven by insured.

**2. Same—Definition of terms "unnecessary exposure to danger" and "voluntary exposure to unnecessary danger" used in accident policy.**

As used in accident policies in excepting insurer from liability, the term "unnecessary exposure to danger" or "exposure to unnecessary danger"

covers any accident in which negligence of insured is a contributing cause, while the term "voluntary exposure to unnecessary danger" implies gross negligence on the part of the insured in the sense of a conscious exposure to a known peril, and when the trial court gives the definition of both of these terms and applies both to the policy in suit which employs in its exceptive clause only the words "unnecessary exposure to danger" the charge is erroneous as giving conflicting instructions upon a material point.

**3. Appeal and Error § 39e—**

Conflicting instructions on a material point entitles appellant to a new trial, since the jury cannot be presumed to know which of the conflicting statements is correct.

APPEAL by defendant from *Bone, J.,* at October Term, 1939, of NASH. New trial.

*Dan B. Bryan and Harold D. Cooley for plaintiff, appellee.*
*S. L. Arrington for defendant, appellant.*

SCHENCK, J. This is an action on a "special travel and automobile accident policy" issued to the plaintiff by the defendant. The issuance of the policy and the fact that it was in force and effect at the time plaintiff was injured by accident on 7 October, 1936, is admitted. It is the contention of the plaintiff that the policy insured against injury caused by the accident. It is the contention of the defendant that the policy did not so insure.

The policy provides that the defendant will pay to the insured certain benefits for disability resulting solely from bodily injuries effected "in consequence of being struck by an automobile," but "motorcycles . . . are excluded as automobiles under this policy," and "this insurance does not cover any loss contributed to, or caused by any  . . .  unnecessary exposure to danger."

The evidence tended to show that the plaintiff was riding south on South Church Street in Rocky Mount on a motorcycle and that one J. L. Fowlkes was riding north on said street in an automobile, that Fowlkes turned to his left to enter Union Street, which intersected South Church Street, and that the motorcycle of the plaintiff and the automobile of Fowlkes collided on plaintiff's right-hand side of South Church Street, resulting in the injury and disablement of the plaintiff.

The issues submitted to and answers made by the jury were as follows:

"1. Did the plaintiff sustain bodily injuries through accidental means resulting in his total disability within the meaning of the policy of insurance issued to him by defendant, as alleged in the complaint? Answer: 'Yes.'

"2. If so, was plaintiff's said injury or loss contributed to or caused by his unnecessary exposure to danger, as alleged in the answer?   Answer: 'No.'

"3. Is the defendant indebted to the plaintiff, and if so, in what amount?   Answer: '$660.00 with interest, as alleged.'"

We are of the opinion that the motion for judgment as of nonsuit lodged under C. S., 567, was properly denied.

Under its exception that the charge of the court did not comply with C. S., 564, the defendant presents the question as to whether certain instructions therein contained were contradictory and conflicting, and therefore should be held for error.   The instructions assailed related to the second issue and were in the following language, first: "Unnecessary exposure to danger means the same as exposure to unnecessary danger, and this includes all cases in which the unnecessary danger was due to the insured's own negligence.   Unnecessary exposure to danger means unnecessary exposure to obvious risks of injury.   Unnecessary exposure to danger means exposure attributable to the negligence of insured and requires the insured to exercise ordinary care and exempts liability in all cases of injury occurring in whole or in part through the failure of the insured to exercise such care.   The insurance policy in this case provides that the company shall not be liable for an injury caused by any unnecessary exposure to danger on the part of the insured.   The purpose of this provision is to exempt liability in all cases when the injury was caused by unnecessary exposure to danger;" and second: "A provision of this character requires something more than contributory negligence to defeat the rights of the insured.   The provision does not mean simply a voluntary performance of an act which results in an injury, but also performed with a consciousness of the danger or that the danger is so apparent that a man of ordinary intelligence would under the circumstances necessarily know it.   In other words, the phrase 'voluntary exposure to unnecessary danger' involves the idea of intentionally doing some act which reasonable and ordinary prudence would pronounce dangerous."

This is the first time that the clause of the policy in suit or similar clauses in accident insurance policies have been submitted to this Court for interpretation, but such clauses seem to be in rather general use and have been interpreted by courts of other jurisdictions.   Liberally construed, the decisions are to the effect that when the language of the policy excludes from coverage any loss contributed to by unnecessary exposure to danger such exclusion extends to all dangers attributable to negligence of the insured; where as, when the excluding language of the policy contains such words as voluntary exposure, or wanton and willful exposure to unnecessary danger, then something other than the mere

negligence on the part of the insured must appear to bar his recovery, such as the consciousness of the danger of the act he is doing, or the intentional doing of some act which reasonable and ordinary prudence would pronounce dangerous.

The first quoted clause of the charge to the effect that the mere negligence of the insured would bar his recovery was predicated upon the language of the excluding provisions of the policy in suit, namely, "unnecessary exposure to danger," and was correct. The second quoted clause of the charge to the effect that something more than the mere negligence of the insured was required to defeat his recovery was predicated upon the language "voluntary exposure to unnecessary danger," which is not the language of the excluding provision of the policy in suit, although by the charge it was apparently made to refer to such provision by the use of the phrase "a provision of this character," that is, of the character contained in "the insurance policy in this case." The two clauses as presented to the jury are in conflict and since the former is a correct statement of the law it follows that the latter is incorrect.

In *Micca v. Wisconsin National Life Insurance Co.,* 75 Fed. Reporter (2nd), 710 (1935), it is said, "The words 'exposure to unnecessary danger' and the words 'unnecessary exposure to danger' have been held to mean practically the same thing (*Sargent v. Cent. Accident Ins. Co.,* 112 Wis., 29, 87 N. W., 796, 88 Am. St. Rep., 946; *Shevlin v. Am. Mutual Accident Assn.,* 94 Wis., 180, 68 N. W., 866, 36 L. R. A., 52; *Pac. Mutual Life Ins. Co. v. Adams,* 27 Okla., 496, 112 P., 1026, 1030), and have been held to include all cases of exposure to unnecessary danger where such exposure is attributable to negligence on the part of the insured. *Helm v. Commercial Men's Assn.,* 279 Ill., 570, 117 N. E., 63; *Sargent v. Cent. Accident Ins. Co., supra; Shevlin v. Am. Mutual Accident Assn., supra; Pac. Mutual Life Ins. Co. v. Adams, supra.* See, also, *Price v. Standard Life & Accident Ins. Co.,* 92 Minn., 238, 99 N. W., 887." This language is impliedly affirmed by the Supreme Court of the United States by the denial of *certiorari,* 296 U. S., 580.

In *Shevlin v. Am. Mutual Accident Assn., supra,* it is held that when the negligence of the insured is relied upon as a defense the issue must be determined by the terms of the policy, and when the policy contains such words as willfully and wantonly or voluntarily exposing himself to unnecessary danger a greater degree of negligence than a mere failure to exercise ordinary care is required, and when the policy contains this language gross negligence is required to bring the case within the exception, but when the language is simply exposure to unnecessary danger any negligence on the part of the insured is sufficient to bring the case within the exception.

It is said in *Sargent v. Cent. Accident Ins. Co., supra:* "The force and effect of the clause in the policy excepting the defendant from

liability for injuries due to unnecessary exposure to danger has received authoritative construction in this Court in *Shevlin v. Assn.*, 94 Wis., 180, 68 N. W., 866, 36 L. R. A., 52, where it is held to be satisfied by the same acts that would constitute contributory negligence, and a distinction is drawn between the expression present in this policy and the expression a 'voluntary or willful exposure to unnecessary danger,' the latter being construed to describe gross negligence, in the sense of a conscious exposure to a known peril." See, also, *Pac. Mutual Life Ins. Co. v. Adams, supra;* Cyclopedia of Insurance Law (Couch), par. 1260, pp. 4589, *et seq.;* 1 C. J., pars. 111, *et seq.,* pp. 444, *et seq.*

When there are conflicting instructions upon a material point a new trial must be granted, as the jury are not supposed to be able to determine when the judge states the law correctly and when incorrectly. *May v. Grove,* 195 N. C., 235, and cases there cited.

For the error assigned there must be a

New trial.