MAX EPPENDORF, Respondent, *v.* THE BROOKLYN CITY
AND NEWTOWN RAILROAD COMPANY, Appellant.

It is not under all circumstances negligence, as matter of law, for a person
to get upon a street car while in motion. In exceptional cases, where
the conditions are unfavorable, it may be so, but ordinarily it is a ques-
tion of fact for the jury.

In an action to recover damages for negligence, plaintiff's evidence tended
to show that he signalled to the driver of one of defendant's street cars
to stop. The car was an open one, with a step or rail along the side.
The driver recognized the signal and applied the brake. While the car
was moving slowly, plaintiff put one foot upon the rail, took hold of the
end of a seat, and raised himself from the ground to get on, when the
driver, who was looking at him, without any signal or notice, let go
the brake, starting the car with a jerk. Plaintiff's foot slipped, went
under the car, was run over and crushed. *Held,* that a motion for a
nonsuit was properly denied.

Defendant offered to show that plaintiff was in the habit of jumping on its
cars when in motion. *Held,* that the evidence was properly excluded.

(Argued March 21, 1877; decided April 3, 1877.)

APPEAL from judgment of the General Term of the City
Court of Brooklyn, affirming a judgment in favor of plaintiff,
entered upon a verdict.

This action was brought to recover damages for injuries
alleged to have been sustained through defendant's negligence.
The facts sufficiently appear in the opinion.

*Samuel Hand,* for the appellant. The motion for a non-
suit should have been granted on the ground of plaintiff's
contributory negligence. (*Phillips* v. *R. & S. R. R. Co.,* 49
N. Y., 177; *Burrows* v. *Erie Ry. Co.,* 63 id., 556; *Morrison*
v. *Erie Ry. Co.,* 56 id., 302; *Taber* v. *D., L. & W. R. R.
Co.,* 4 Hun, 765; *Gunion* v. *Har. R. R. Co.,* 3 Robt., 25;
*Mepplestadt* v. *Ninth Ave. R. R. Co.,* 4 id., 377; *Solomons* v.
*Cent. Park R. R. Co.,* 1 Swee. 298.) The court erred in
excluding the offer to show that plaintiff was in the habit of
jumping on defendant's cars while in motion. (*Barker* v.

*N. Y. C. R. R. Co.,* 24 N. Y., 599 ; *McGrath* v. *N. Y. C. R. R. Co.,* 63 id., 522 ; *Quincey* v. *White,* id., 376.)

*T. C. Cronin,* for the respondent. The question of contributive negligence having been submitted to the jury as one of fact, their verdict was conclusive. (*Morrison* v. *N. Y. & H. R. R. Co.,* 4 Hun, 424.) The facts fully warranted the denial by the court of the defendant's motion for a nonsuit. (*Borst* v. *L. & M. S. R. Co.,* 4 Hun, 346 ; *Downs* v. *N. Y. C. R. R. Co.,* 56 N. Y., 664.) Plaintiff's negligence did not contribute to the accident, and he was clearly entitled to recover. (*Weber* v. *Cent. R. R. Co.,* 58 N. Y., 445 ; *Filer* v. *N. Y. C. R. R. Co.,* 49 id., 42 ; *Hackford* v. *R. R. Co.,* 53 id., 654 ; *Jetter* v. *Har. R. R. Co.,* 2 Keyes, 154 ; *Mettlestadt* v. *N. Y. C. R. R. Co.,* 32 How., 428 ; *Milliman* v. *N. Y. C. R. R. Co.,* 4 Hun, 407.)

*Per Curiam.* In August, 1874, the plaintiff desiring to take passage in one of the defendant's street cars, signalled the driver of an open car then passing in the street to stop. The driver recognized the signal, applied the brake, and slowed the car. While it was moving slowly, the plaintiff attempted to get on. He placed one foot upon the rail on the side, taking hold of the end of one of the seats with his hand, and raised himself from the ground, but before he could place the other foot firmly upon the rail, the driver, while looking at him and without any signal or notice to him, let go the brake, and thus started the car with a jerk. Plaintiff's foot slipped and got under the car, and was run over and badly crushed. These facts appear mainly from plaintiff's evidence. They are contradicted by the evidence given on the part of the defendant. But that is not so overwhelming that it can be said that plaintiff's evidence was entirely destroyed, or that the jury were bound, as matter of law, to disregard it. It was properly submitted to them, and their finding for plaintiff establishes the facts above stated.

The court submitted the evidence to the jury, both upon

the questions of defendant's negligence, and of plaintiff's contributory negligence, by a charge entirely fair which is not complained of. At the close of plaintiff's evidence, defendant's counsel moved for a non-suit upon the ground of plaintiff's contributory negligence in getting upon the car while it was in motion. The denial of this motion presents the main question for our consideration.

It cannot be said, as matter of law, that it is always negligent for a person to get upon a street car while in motion. (*Phillips* v. *R. & Sar. R. R. Co.*, 49 N. Y., 177 ; *Morrison* v. *Erie R. Co.*, 56 N. Y., 302; *Mettlestadt* v. *Ninth Ave. R. R. Co.*, 4 Robt., 377 ; *Burrows* v. *Erie R. R. Co.*, 63 N. Y., 556.)

Ordinarily it is perfectly safe to get upon a street car moving slowly, and thousands of people do it every day with perfect safety. But there may be exceptional cases, when the car is moving rapidly, or when the person is infirm and clumsy, or is incumbered with children, packages or other hindrances, or when there are other unfavorable conditions, when it would be reckless to do so, and a court might, upon undisputed evidence, hold as matter of law that there was negligence in doing so. But in most cases it must be a question for a jury. Here there was nothing exceptional, and no reason apparent why plaintiff might not, with prudence, have expected to enter the car with safety. He had the right to expect that the speed of the car would continue arrested until he was safely on the car. It was the act of the driver in letting go the brake without notice, and thus suddenly giving the car a jerk while plaintiff was getting upon it, that caused the accident.

Upon all the evidence of this case it was for the jury to determine whether the plaintiff was chargeable with negligence, and whether such negligence contributed to the injury.

The offer of defendant's counsel to show that plaintiff was in the habit of jumping on defendant's cars when in motion was properly excluded. It is impossible to perceive what bearing the evidence offered could have. It is not claimed

that plaintiff had ever before met with any accident in getting upon the cars, and that thus the evidence would show that it was a dangerous thing to do. If the evidence had been given, its most natural tendency would have been to show that a person could with safety get upon moving street cars. It was not offered to show that the plaintiff was generally careless or reckless, and if it had been, it would have been incompetent. The simple fact that he was in the habit of jumping upon the moving cars could have no bearing in this case. The sole question to be determined here, so far as relates to plaintiff's alleged contributory negligence, was the character of the plaintiff's acts under the circumstances existing at the time; and what he may have done at some other time under other circumstances, could have no bearing upon that question.

The judgment must be affirmed.

All concur, ANDREWS, J., absent.

Judgment affirmed.