## Travelers Preferred Accident Association v. Stone.

1. INSURANCE—*Condition of Policy—Construction.*—Where, in a suit to recover an insurance under a policy providing for the payment of twenty-five hundred dollars for the loss of a hand "through violent, external and accidental means, not the result of his unnecessary exposure to dangers, except to save human life," the policy contained a provision that no benefits shall be payable under this certificate, where the death or disability was caused by the member's violation of the rules of any railroad or corporation or firm, * * * or jumping on or off of moving cars, engines, vehicles, *unless* the claimant under this certificate shall establish by positive proof that the said death or personal injuries were caused by external, violent and accidental means, not the result of design of the member or any other person. The provision was construed to mean that jumping on the cars is excused, if the means of the injury were not the result of design.

2. INSURANCE—*Conditions of the Policy—Immaterial Issues.*—Under the provisions of the policy, an issue upon a plea that the injury was sustained by reason of the plaintiff's jumping on a moving car, is an immaterial issue, and it is not error for the court to ignore it in instructing the jury.

3. INSURANCE—*Conditions in Policies—Power of the Court to Construe.*—It is the province of the court to construe the conditions of the policy as they are made by the company, and it is not the fault of the court if this leads to a conclusion which it can not be supposed the parties contemplated.

**Memorandum.**—Assumpsit. In the Circuit Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Declaration on an insurance policy; pleas, general issue and special pleas under conditions of the policy; trial by jury; verdict and judgment for the plaintiff; defendant appeals. Heard in this court at the March term, 1893, and affirmed. Opinion filed May 11, 1893.

### STATEMENT OF THE CASE.

On the 17th day of December, 1890, William C. Stone, a cattle dealer, and resident of the State of Texas, purchased a ticket at Henrietta, Texas, to go by rail to Wichita Falls in

that State. When boarding the train he stepped first on the platform of the baggage car, and as he was crossing over to the passenger car immediately in the rear of the baggage car, the train started with a sudden lurch or jerk, which caused him to lose his balance, and he fell from the train, and his left hand was run over and mashed, making it necessary to amputate the hand above the wrist.

LOUIS SHISSLER, attorney for appellant.

ASHCRAFT & GORDON, attorneys for appellee.

OPINION OF THE COURT, GARY, P. J.

The appellee was insured by the appellant, and lost his left hand; a car ran over it.

The policy was for, *inter alia*, twenty-five hundred dollars for the loss of a hand " through violent, external and accidental means, not the result of his unnecessary exposure to dangers, except to save human life."

The policy contained also this sentence :

" Provided always, that no benefits shall be payable under this certificate, where the death or disability was caused by the member's violation of the rules of any railway, or corporation or firm, or the violation or attempted violation of any law, nor where there is no definite, outward or visible sign of the alleged injury, nor where the injury was in consequence of vertigo, fits, epilepsy, rheumatism, paralysis, somnambulism, or any disease, nor for crick, hernia, abscesses, boils, or from taking poison, or coming in contact therewith, or inhaling gas, or by lifting, over-exertion, wrestling, gymnastic sports, riding or driving races, or for sunstroke or freezing, or in consequence of riot, civil commotion or war, quarreling, or by suicide, or attempted suicide, sane or insane, felonious or otherwise, or intentional, self-inflicted injuries, or while the member is intoxicated, or in consequence thereof, or from carrying concealed weapons, or the handling of explosives, or jumping on or off of moving cars, engines, or vehicles, unless the claimant under this certificate shall establish by positive proof that the said death or personal injuries were caused by external, violent and ac-

cidental means, not the result of design of the member or any other person."

The question of fact fought out upon the trial, was whether the injury resulted from jumping on a moving car.

If the mere fact that the injury was received when the appellee was attempting to get upon a moving car, discharges the appellant, the judgment is erroneous; if not on the preponderance of the evidence, certainly upon the instructions.

It would seem that the word " nor" must have been intended to be in the sentence quoted, next before "unless" so as to make that the beginning of another clause providing for exemption from liability. But the word is not there, and the effect is that all that precedes "unless" may be rendered nugatory, if the claimant " shall establish by positive proof that " something was " not the result of design."

What is it that is not to be " the result of design ? "

The last antecedent is " means; " the next " injuries."

The means of the injury was a car wheel running over the appellee's wrist.

Neither those means nor the injury were the result of design; even the appellant would not claim that. But the appellant says that jumping on the car was the result of design. The answer is that jumping on a car rebuts the claim, not *per se*, but only unless the claimant " shall establish " that something was not " the result of design." Now if the act of jumping on the car is to be qualified and neutralized, by something being " not the result of design," whatever that something is, it is not the act of jumping. Selecting from the sentence quoted, and joining together the words applicable to this case, they are :

" Provided always that no benefits shall be payable under the certificate where the  *  *  *  disability was caused by the member's  *  *  *  jumping on any moving cars  *  *  *  unless the claimant under the certificate shall establish by positive proof that the said  *  *  *  personal injuries were caused by external, violent and accidental means, not the result of design of the member."

The words mean that jumping on the cars is excused, if the means of the injury was not the result of design.

It is not our fault that this leads to a conclusion which it can not be supposed the parties contemplated.

The arrangement of the words interpreted is sensible enough; it is only the effect that is absurd. We may not insert a word the appellant left out, to reach a result not provided for by the words used.

Issue was joined on a plea that the injury was sustained by reason of the appellee jumping on a moving car. Another issue was whether the injury was the result of his unnecessary exposure to danger, etc. Upon this state of the record, the court instructed the jury thus:

" The court instructs the jury, that if they believe from the evidence in this case, that the plaintiff suffered the injury in question through violent, external and accidental means, which were not the result of any unnecessary exposure to dangers on his part, then you will find the issues for the plaintiff; but if you should believe from the evidence that said injury was the result of an unnecessary exposure of himself to danger (not in any attempt to save human life), then your verdict should be for the defendant."

The first mentioned issue was thus ignored by the court. But if we read the policy aright, that issue was immaterial, and had it been specifically found for the appellant, and the other issues found for the appellee, he would have been entitled to judgment *non obstante veredicto.* Hitchcock v. Haight, 2 Gilman 604; Hill v. Enders, 19 Ill. 163.

Assuming that the preponderance of the evidence is that the appellee jumped, or attempted to jump, on the car while in motion, it was still, under the second plea and the instruction, a question for the jury, whether that act could fairly be considered, under the attendant circumstances, dangerous. The testimony on the part of the appellant is, that at the time of the accident, the train was pulling out of a station at the speed of about two miles an hour, which, in the experience of the writer, is about the gait of an ox-team.

There is no error, unless we misread the policy, and the judgment is affirmed.