the present record: "The referee has been paid about seventeen hundred dollars. The stenographer has received about nineteen hundred dollars." And more is to come. The defendant surely can testify that the sentimental age, when honor and renown was the motive which brought men to devotion in the law, has passed away. He seems to have met only the hardest kind of hard practical facts, and is at present being ground between the upper millstone of the plaintiff's active efforts, and the lower millstone of his attorney's refusal to act or to permit any one else to do so. It is these things which bring the administration of justice into disrepute. This practice courts should lay hold of with an iron hand, setting their stern disapproval upon such methods. The system impoverishes litigants, amounts to a denial of justice, and is the cause of just complaint by the people.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to substitute should be granted, with $10 costs. All concur.

(16 App. Div. 104.)

JOHANNS v. NATIONAL ACC. SOC. OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 26, 1897.)

ACCIDENT INSURANCE—UNNECESSARY AND VOLUNTARY EXPOSURE.

An attempt to board a moving street car is not, as a matter of law, "voluntary or unnecessary exposure to danger," within the meaning of an accident policy.

Appeal from trial term, Queens county.

Action by William Johanns against the National Accident Society of City of New York on an accident insurance policy. From a judgment for $2,717.31, entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

E. L. McBurney, for appellant.
I. Newton Williams, for respondent.

CULLEN, J. The substantial controversy between the parties to this action, in truth, presents little else than questions of fact. As to these questions there was a conflict of the sharpest character between the evidence adduced by the different sides, and the correct determination of those questions is involved in much doubt. The jury, however, have decided these questions in favor of the plaintiff, and the preponderance of evidence on behalf of the appellant is not so great as to justify interference by us with the verdict of the jury. The action is brought to recover on a policy issued by the defendant, insuring the plaintiff against accident. On the 3d day of April, 1896, the plaintiff, while attempting to board a car on an electric street railroad, fell, and one of the wheels passed over his foot. In consequence of that injury, the foot was amputated. The policy on which the ac-

tion is brought was dated the 2d day of March, 1896. It is conceded that it was not delivered on that day. The plaintiff's evidence was to the effect that the premium was paid and the policy delivered on March 31st. The defendant asserted that the policy was not delivered or premium received until April 4th, the day after the accident, and then in ignorance of the fact that any accident had occurred to the plaintiff. This question was submitted by the trial judge to the jury for determination, with great fairness to the defendant. He charged that, if the policy was not delivered until after the accident, the defendant was not liable, and he further charged that the burden of proof was on the plaintiff affirmatively to establish that the policy was delivered prior to the time of his injury. The defendant set forth, in its answer, several provisions of the policy, under which it was claimed that it was exempted from any liability. These provisions substantially were that the insurance should not "extend to or cover disability happening to the insured  *  *  *  while intoxicated,  *  *  *  or in consequence of his having been under the influence of any narcotic or intoxicant,  *  *  *  or when caused by voluntary or unnecessary exposure to danger, or to obvious risk of injury,  *  *  *  or received while violating the law." The defendant adduced evidence tending to show that the plaintiff was intoxicated at the time of his injury. This fact the plaintiff denied. It appeared, without dispute, that the plaintiff attempted to board the car while it was moving, though the evidence tends to show that the car was moving at a very slow rate. The defendant also gave evidence of an ordinance of the common council which prescribed:

"(3) Occupation of Platform. No persons, except motormen, conductors, or police officials in uniform, shall be allowed on the front platform of any such cars when in operation, except that such front platform shall be used for the ingress and egress of passengers at stoppages. The rear platform of cars shall also be used for the ingress and egress of passengers."

At the close of the evidence, the defendant requested the direction of a verdict in its favor, on the grounds—First, that the plaintiff's injury was received while he was engaged in violating the law, to wit, the ordinance of the city; second, that the attempt to board the car while in motion, by the front platform, was a voluntary and unnecessary exposure to danger and obvious risk, within the condition of the policy; and, third, because the plaintiff was intoxicated at the time of the accident. This motion the court refused, to which the defendant excepted. The court submitted the question of the plaintiff's intoxication and voluntary and unnecessary exposure to danger or obvious risk to the jury for determination, as matters of fact.

We think the ruling of the court was clearly correct. Certainly, the question of intoxication was a mere question of fact. It is unnecessary for us to determine whether the conditions of this policy would exclude the plaintiff from recovery in case of any contributory negligence on his part, as, on the evidence in this case, even in an action against the railroad company, the question of that negligence would be one of fact for the jury. In Eppendorf v. Railroad Co., 69 N. Y. 195, it was held not to be contributory negligence, as matter of law, for a person to get upon a street car while in motion, unless

under exceptional circumstances, but that ordinarily it is a question of fact for the jury; and in Distler v. Railroad Co., 151 N. Y. 424, 45 N. E. 937, the same doctrine has been extended to the case of one attempting to board an ordinary railroad train propelled by steam, where it was moving at the rate of only two or three miles an hour. We do not see that the city ordinance has any application to the present case. It expressly permits using the front platform for ingress and egress, and only forbids passengers being allowed to remain on the platform. If the plaintiff had the right to board the car at all when it was moving, which, as we have shown, was a question of fact for the jury, he no more violated the city ordinance by using the front platform for that purpose than he would have done by seeking the rear platform.

The judgment and order appealed from should be affirmed, with costs. All concur.