## Rebman, Appellant, *v.* General Accident Insurance Company.

*Insurance—Accident insurance—Voluntary exposure to danger—Jumping on moving train.*

A provision in an accident insurance policy that the policy should not apply where death or disability resulted "from voluntary exposure to unnecessary danger," applies whenever the insured is injured in a manner that should have been anticipated while voluntarily doing something that ordinary prudence would forbid.

An attempt by a man sixty-six years of age, weighing 184 pounds, with an umbrella under his arm, to get upon a train running at the

rate of six or eight miles an hour, is such a "voluntary exposure to unnecessary danger" as will relieve the insurance company from liability for his death resulting from the attempt to board the train. In such a case the fact that the insured may have believed that the train would stop at the station where he attempted to board it, is immaterial.

MESTREZAT and STEWART, JJ., dissent.

Argued Oct. 26, 1906. Appeal, No. 105, Oct. T., 1906, by plaintiff, from order of C. P. No. 1, Allegheny Co., Sept. T., 1903, No. 132, refusing to take off nonsuit in case of Catherine Rebman, Administratrix of the Estate of Mary W. Rebman, deceased, v. The General Accident Insurance Company of Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before BROWN, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusing to take off nonsuit.

*Willis F. McCook*, for appellant.—The case was for the jury: Boulfrois v. Traction Co., 210 Pa. 263; Keene v. Accident Assn., 161 Mass. 149 (36 N. E. Repr. 891); Irwin v. Accident, etc., Assn., 127 Mich. 630 (86 N. W. Repr. 1036); Travelers' Ins. Co. v. Mitchell, 47 U. S. App. 260 (78 Fed. Repr. 924); Chaplin v. Ry. Pass. Assurance Co., 6 N. Y. Sup. Ct. 71; Columbia Accident Co. v. Sanford, 50 Ill. App. 424; Schneider v. Provident Life Ins. Co., 24 Wis. 28; Eppendorf v. Brooklyn City, etc., R. R. Co., 69 N. Y. 196; Fidelity & Casualty Co. v. Sittig, 79 Ill. App. 245; Anthony v. Mercantile Mut. Accident Assn., 162 Mass. 354 (38 N. E. Repr. 973).

*Wm. W. Wishart*, for appellee.—The clause "voluntary exposure to unnecessary danger" has been construed in the following cases: Burkhard v. Travellers' Ins. Co., 102 Pa. 262; Sawtelle v. Ry. Pass. Assurance Co., 15 Blatch. 216; De Loy v. Ins. Co., 171 Pa. 1; Smith v. Mut. Accident Assn. 104 Mich. 634 (62 N. W. Repr. 990); Cornish v. Accident Ins. Co. L. R., 23 Q. B. Div. 453; Tuttle v. Ins. Co., 134 Mass. 175.

We submit that the case of Small v. Travellers' Protective Association of America, 45 S. E. Repr. 706, rules the case at bar. See also Roul v. Ry. Co., 85 Ga. 197 (11 S. E. Repr. 558); Bacon v. D., L. & W. R. R. Co., 143 Pa. 14.

There are numerous cases in Pennsylvania which support this rule. Among these may be cited: Railroad Co. v. Aspell, 23 Pa. 147; N. Y., etc., R. R. Co. v. Enches, 127 Pa. 316; Boulfrois v. United Traction Co., 210 Pa. 263; Tobin v. Penna. R. R. Co., 211 Pa. 457.

OPINION BY MR. JUSTICE FELL, April 22, 1907:

This action was on an accident insurance policy which contained among others these provisions: "Nor does this contract extend to nor insure against death or any kind of disablement resulting wholly or partly, directly or indirectly, from voluntary exposure to unnecessary danger." "The certificate holder is required to use all due diligence for personal safety and protection."

The insured had frequently taken the 1:02 P. M. train of the Pittsburg & Lake Erie Railroad at a station near his home for Pittsburg. Several days before the accident that resulted in his death, orders had been given not to take on passengers at this station, but mail was received and discharged there. The insured did not know of this order. He went to the station expecting the train to stop. He saw it approach the station with steam off and at reduced speed. While it was running six or eight miles an hour, he took hold of the rail at the front platform of the last car with his left hand, placed his left foot on the lower step, and was in the act of raising his body when his hold was broken and he fell backward and was killed. He was nearly sixty-six years of age; five feet five and three-quarter inches high; and weighed 184 pounds. He had an umbrella under his left arm. When he seized the hand rail of the car with his left hand, the train was passing to his right. He did not move with it, but stepped directly on, as a person would step on a standing car. The speed of the train was accelerated about the time he took hold of the rail, but the contention that he was thrown off by a sudden jerk or jar of the train after he was safely on the step is not sustained by the testimony. He did not succeed in getting on

the step, but was in the act of doing so with his knee bent and his body inclined toward the car, when he fell.

Under this state of facts, was a judgment of nonsuit properly entered? The question is not strictly whether the insured was negligent, but whether he exposed himself to a risk not covered by the policy. The words "voluntary exposure to unnecessary danger," in the clause exempting from liability, have been construed by this court, and generally, as an intentional and unnecessary exposure to danger so obvious that a prudent person exercising reasonable foresight, would have avoided it: Burkhard v. Travelers' Insurance Co., 102 Pa. 262; De Loy v. Travelers' Insurance Co., 171 Pa. 1. In the case last cited, it was said by STERRETT, C. J.: ". . . . if a man acts so recklessly and carelessly that he shows an utter disregard of a known danger, then he may be said to have exposed himself voluntarily to danger. Or, if the risk of danger is so obvious that a prudent man, exercising reasonable foresight, would not have done the act, then he may be said to have voluntarily exposed his person to danger." The clause of the policy must be held to apply whenever the insured is injured in a manner that should have been anticipated, while voluntarily doing something that ordinary prudence would forbid. No other construction would give effect to the intention of the parties to the policy.

An attempt to board a moving train is always dangerous. An attempt by a man of the age and weight of the insured, with an umbrella under his arm, to board a train running six or eight miles an hour, is so obviously dangerous that a prudent person would not make it; it is so universally regarded as dangerous that it must be considered as within the class of risks excepted in the policy. The fact that the insured may have believed that the train would stop at the station, does not strengthen the plaintiff's case. If he acted on that belief, he attempted to get on a moving train which he expected would come to a full stop in a few seconds. This was the needless assumption of a manifest risk. If he observed that it was not to be stopped, he intentionally exposed himself to a still greater danger. In either event there was a "voluntary exposure to unnecessary danger," within the meaning of the contract, and a failure to "use all due diligence for personal safety and pro-

tection." His act was not the less voluntary because it may have been on a sudden impulse without reflection. He intended to do what he did, and the words of the policy admit of no distinction between premeditated acts and impulsive acts, springing from a fully formed intention. The danger cannot be considered as not obvious because he may not at the moment fully have understood and appreciated it. He could have seen it and would have seen it and comprehended it if he had given to what he was doing the reasonable attention that ordinary prudence required.

The judgment is affirmed.

MESTREZAT and STEWART, JJ., dissent.