# Biehl *v.* General Accident Assurance Corporation, Limited, Appellant.

*Practice, C. P.—Trial—Charge—Misstatement of testimony—Duty of counsel.*

1. When a charge is full, fair and adequate, in other respects, a judgment will not be reversed because of some lapse of memory upon the part of the judge in referring to the testimony, where counsel for the party subsequently complaining were present and had an opportunity to call attention to the lapse at the time and failed to do so.

*Insurance—Accident insurance—Exposure to obvious danger—Negligence—Alighting from street car.*

2. A provision in a policy of accident insurance exempting the company from liability for death of the assured "resulting from unnecessary exposure to obvious risk of injury, or obvious danger," does not apply to every act of negligence of which the assured may be guilty, but only to such as are wanton or grossly imprudent. It is not such exposure as men usually are going to take, and such as is incident to the ordinary habits and customs of life.

3. The specific contract of accident insurance being one of indemnity, the main object of the assured is protection against accidental injuries, whether they result from thoughtlessness, carelessness or negligence; otherwise the very purpose for which such policies are issued will be defeated.

4. While attempting to descend to the running board of a street car when in motion, may be such contributory negligence as will defeat a recovery against the railway company, yet it may not be such a wanton exposure to obvious danger as would defeat an action on a policy of accident insurance. The question whether such an act constitutes a wanton exposure to obvious danger, is for the jury.

Argued April 22, 1908. Appeal, No. 205, April T., 1908, by

defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1905, No. 873, on verdict for plaintiff in case of Essie Biehl v. General Accident Assurance Corporation, Limited. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Assumpsit on a policy of accident insurance. Before Young, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $277.20. Defendant appealed.

*Errors assigned* were (1) portions of the charge, quoted in the opinion of the Superior Court; (2) in refusing binding instructions for defendant; and (3) refusal of defendant's point, quoted in the opinion of the Superior Court.

*G. K. Wright,* of *Alter & Wright,* for appellant.—The deceased voluntary exposed himself to obvious danger: Rebman v. General Accident Ins. Co., 217 Pa. 518; Lehman v. Great Eastern Casualty & Indemnity Co., 7 N. Y. App. Div. 424; Cornish v. Accident Ins. Co., L. R. 23 Q. B. Div. 453; Price v. Standard Life & Accident Ins. Co., 99 N. W. Repr. 887.

*John L. High,* for appellee.—The case was for the jury: Burkhard v. Ins. Co., 102 Pa. 262; DeLoy v. Ins. Co., 171 Pa. 1; Providence Life Ins. & Investment Co. v. Martin, 32 Md. 310; Cotten v. Fidelity & Casualty Co., 41 Fed. Repr. 506; Schneider v. Provident Life Insurance Company, 24 Wisconsin, 28; Marx v. Travelers' Insurance Company, 39 Fed. Repr. 321; Equitable Accident Insurance Company v. Osborn, 9 So. Rep. 869; Pacific Mutual Life Insurance Company v. Snowden, 58 Fed. Repr. 342.

Opinion by Porter, J., February 26, 1909:

The plaintiff brought this action on a life insurance policy, in which she was named as beneficiary, issued by the defendant company to Philip Biehl, her husband, to recover indemnity

for the accidental death of said assured. The general terms of the policy are broad enough to make the company liable, but it claims exemption therefrom under a certain exception in the policy. The statement of the plaintiff and the affidavit of defense thereto filed by the defendant, under the provisions of the rules of the court below, established the prima facie right of the plaintiff to recover, and the burden was upon the defendant company to show that the death of the assured resulted from a cause not covered by the policy. The provision of the policy upon which the defendant relied exempted the company from liability for death of the assured, "resulting from unnecessary exposure to obvious risk of injury or obvious danger."

The assured was riding on a street car of the type called a summer car, having a running board or step extending along the side the entire length of the car, and was sitting upon the seat on the back platform, facing toward the rear. The car was crowded, passengers were standing upon the rear platform and along the running board of the car, at the side. When the car approached the point at which the assured desired to alight the conductor was on the running board about the middle of the car and was facing toward the front of the car, away from the assured. The assured arose from his seat for the purpose of signaling the car to stop, whistled to the conductor and walked over to the side of the car next the running board. He then either fell from the platform or descended to the running board and fell from that point, and was killed by the fall to the street. One witness testified that he first saw the assured on the running board, that the assured "whistled to the conductor, turned sharply just as he whistled and before the car was stopped he jumped off," that he appeared to turn backwards when he jumped and he fell on the asphalt and broke his neck. The conductor of the car testified that he "heard a sharp whistle and just looked around in time to see this man jumping out, and he lit on the street on the back of his head. . . . He was on the back end of the car—jumped from the running board straight out." A witness called by the plaintiff testified that he was sitting next to the assured, on the rear seat looking backward, when the latter got up out of his seat and signaled

to the conductor to stop the car, that after the assured had whistled he walked over on the rear platform, "and it looked to me—I couldn't tell whether he stepped down on to the running board or whether he fell off from the car, but after he got up he just walked over to the edge of the car, and the next thing I knew he was lying on the street."

The first specification is based upon the following quotation from the charge of the court below: "Neither of these witnesses, as I understand, says distinctly that he saw him jump from the car. If they did say so the testimony is for you; I do not recall that they said that." The learned judge did not have a clear recollection of the testimony and did not correctly state it, but the language used by him clearly indicated to the jury that he was only giving his recollection of what had been said and that he did not intend the jury to accept it as accurate, but it was for the jury to remember what had been testified. When this slip of memory upon the part of the court occurred, counsel for the defendant ought to have at once called attention to it. When a charge is full, fair and adequate, in other respects, a judgment will not be reversed because of some lapse of memory upon the part of the judge in referring to the testimony, where counsel for the party subsequently complaining were present and had an opportunity to call attention to the lapse at the time and failed to do so. The first specification of error is overruled.

The appellant requested the court to charge as follows: "If the jury believes that the deceased, while occupying a safe position in the body of the car and intending to leave the car at the next stop voluntarily stepped down on to the running board of the car into such a position that he was in danger of being thrown off and injured, and was thrown off and injured, the plaintiff cannot recover, and the verdict should be for the defendant." The learned judge of the court below refused this point, which refusal is assigned for error. This point would have been a correct statement of the law had the action been against the street railway company to recover damages upon the allegation that the death of Philip Biehl had been caused by the negligence of those operating the car. Negligence of the

party injured which in any degree contributes to cause the injury is, in cases of that character, a complete defense to any claim for damages. This, however, is not an action for damages, but is upon a contract, and the only question is whether the risk is one which came within the terms of the contract. The specific contract of accident insurance being one of indemnity, the main object of the assured is protection against accidental injuries, whether they result from thoughtlessness, carelessness or negligence; otherwise the very purpose for which such policies are issued would be defeated.

The learned counsel for the appellant argues that because the deceased would as a matter of law have been held guilty of contributory negligence, in an action brought against the street railway company upon the allegation that his death had been caused by the negligence of its employees, that, therefore, the death of the assured must, assuming the facts to have been as stated in the request of the defendant for instructions, be held, as matter of law, to have resulted from "unnecessary exposure to obvious risk of injury or obvious danger." The exception in the policy, if the contention of the defendant is correct, would be to deprive an assured of any right to recover for an injury to which his own negligence in any way contributed. Such a construction would render the policy little better than a snare to the insured. The question is not whether the assured was negligent, but whether he exposed himself to a risk not covered by the policy: Burkhard v. Travelers' Insurance Company, 102 Pa. 262; DeLoy v. Insurance Company, 171 Pa. 1; Rebman v. General Accident Insurance Company, 217 Pa. 518; Cornish v. Accident Insurance Company, L. R. 23 Q. B. Div. 453. The exception upon which the defendant relies is that of "unnecessary exposure to obvious risk of injury or obvious danger." The very language of the exception implies that there may be a necessary exposure to obvious danger. Is this necessity to be construed as an imperative one, which would permit only the incurring of such risks as cannot possibly be avoided? If so the burden would be upon the assured to guard himself against the ordinary dangers which beset every prudent man in everyday life. The man

who could by any possibility avoid entering upon the busy streets of a city would be compelled to shun all such localities. The clause should have a reasonable construction, such as will permit an assured to pursue his business or pleasure in a reasonably convenient manner. When an assured voluntarily undertakes to do some dangerous act, in which the peril is imminent and extreme, such exposure to peril must be held to be within the exception of a contract of the character with which we are now dealing; of such cases Rebman v. General Accident Insurance Company, 217 Pa. 518; and Cornish v. Accident Insurance Company, L. R. 23 Q. B. Div. 453, are examples. Not all injuries occasioned by the negligence of the assured are within such an exception. There are degrees of negligence, and we are unable to read this policy as refusing protection to a man in all cases in which he may have been negligent in any degree. Unnecessary exposure to obvious danger, means an exposure with knowledge, or under circumstances from which knowledge would be inferred, to a risk which it was not necessary to incur. The meaning is the same as if the exception had been expressed in the words "voluntary exposure to unnecessary danger," which form of expression in contracts of this character has been frequently construed. The exception means a wanton or grossly imprudent exposure. It is not such exposure as men usually are going to take, such as is incident to the ordinary habits and customs of life. Such an exposure does not come within the range of a defense. An exposure, in order to have been a contributing cause, and so defeat the plaintiff's right to recover, must be something beyond the ordinary, or a wanton piece of gross carelessness, as we would term such in our designation of conduct in the usual walks of life: Manufacturers' Accident Indemnity Company v. Dorgan, 58 Fed. Repr. 945.

The learned judge of the court below charged the jury that if they found that the deceased had jumped from the car the verdict should be in favor of the defendant company. He also instructed the jury that if they should "find from the evidence that he tripped or fell from the car, and if you also find from the evidence that his rising and walking on the platform and attempting to descend to the running board, as it approached the

place, after his signal, was such a risk as would be taken by an ordinarily prudent man, your verdict should be for the plaintiff. If you find that it was such an apparent, obvious risk of danger that an ordinarily prudent man would not take it, then the plaintiff cannot recover." The evidence clearly established that the assured could not have signaled the conductor from the seat that he was occupying at the rear platform; in order to notify the conductor of his desire to alight from the car it was necessary that he should arise from his seat and signal. One witness testified that the deceased whistled, as a signal, as soon as he arose from the seat before walking across the platform. The conductor testified that he heard the whistle and immediately looked around and saw the assured, who was at that moment going from the car. Whether the assured had whistled more than once, or whether it was "necessary" for the assured to expose himself to the risk of going to the side of the car in order to signal the conductor to stop the car, the conductor then being on the running board about the middle of the car and facing in the other direction, were questions of fact. The crowded condition of the car, clearly established by the evidence, necessarily rendered it difficult for the assured to attract the attention of the conductor. All the facts disclosed by the evidence rendered it proper for the court to submit to the jury the question whether the assured unnecessarily exposed himself to obvious risk of injury. The learned judge of the court below submitted that question under instructions of which the appellant has no ground for complaint. The assignments of error are dismissed.

The judgment is affirmed.