DOROTHY CHRISTENSEN, Appellee, v. NATIONAL TRAVELERS
BENEFIT ASSOCIATION OF DES MOINES, Appellant.

INSURANCE:  Accident Insurance—''Obvious Risk.''   An attempt by
a party, while upon a depot platform 18 inches lower than the top
of a flat car (which was without handholds), to board the car while
it was moving some three miles per hour, by placing his hands upon
the floor of the car and then attempting to spring into a sitting
position upon the car, is not, as a matter of law, an ''*exposure to*
*obvious risk*,'' within the meaning of an accident policy of insur-
ance which limits liability under said latter circumstances.

*Appeal from Plymouth District Court.*—WILLIAM HUTCHINSON,
Judge.

JUNE 22, 1923.

REHEARING DENIED SEPTEMBER 22, 1923.

ACTION upon a policy of accident insurance.  The plaintiff
was the beneficiary of the policy.  The insured was her hus-
band, whose death resulted from accident.  The only defense
pleaded was predicated upon the following provisions of the
policy:

"This policy shall not cover * * * injuries occasioned by
* * * exposure to obvious risk * * * to an amount exceeding $75."

The defendant pleaded that the insured breached the fore-
going provision, and that his death resulted therefrom.  At the
close of plaintiff's evidence, the trial court sustained the motion
of the defendant to direct a verdict for the plaintiff for $75, and
no more, the face of the policy being for $2,000.  On the follow-
ing day, and during the same term, the court, on its own motion,
set aside its prior order, and ordered a new trial.  From this
order the defendant has appealed.—*Affirmed.*

*J. U. Sammis* and *F. P. Carr,* for appellant.

*C. R. Metcalfe,* for appellee.

EVANS, J.—The insured, Henry M. Christensen, was a man 25 years of age, physically active and in good health. He was a resident of the town of Struble. He met his death at the near-by town of Hinton, in the forenoon of June 7th, while attempting to board a moving freight train. One hour before, he had purchased his ticket. The train was in the station, and had much work to do there. Christensen's place of waiting was at a place of business about 100 or 125 feet distant from the depot. The train was headed north. Its engine was near the south end of the depot platform. The train was quite long, consisting of 30 or 40 cars. As the engine gave its starting signal, Christensen started for the depot platform. As he approached the same, the conductor mounted the engine, and called to Christensen to "go down there and get on." Christensen started for the south end of the train, but turned back again to the platform, apparently believing that the distance to the south end was too great to enable him to get aboard before the speed of the train should become forbidding. The platform was a long platform, about 18 inches high. Christensen ran alongside of a flat car that was without handholds or other aids to board it. He put his hands upon the floor of the car and leaped thereto, apparently attempting to get into a sitting position thereon. The attempt failed, and he fell between the platform and the car, and lost his life. The question presented to us is: Must it be said, as a matter of law, that the insured exposed himself to obvious risk, within the meaning of the policy? Or should it be said that the question was one of fact for the jury, to be determined in the light of all the circumstances presented in the case?

Inasmuch as a breach of this provision of the policy must always involve a question of fact, however conclusive the evidence may be, it follows, of practical necessity or probability, that not all cases of breach would be established by conclusive evidence, and that there must be a zone within which a jury question may arise. Does the case at bar come within or without that zone? The term "obvious risk" is not readily defined with precision, nor do we find in any of the cases on the subject any attempt at precise definition. This tends to widen somewhat the jury zone. It is defined as a risk or damage which is easily discovered and readily perceived by a person of ordinary

prudence. It is not the equivalent of mere negligence, although closely akin thereto. It must, however, comprise negligence, in an emphatic and affirmative sense. To treat negligence as the equivalent of an obvious risk, within the meaning of the policy, would be to impair greatly the value of accident insurance. Few accidents occur without negligence somewhere, and many of them involve some degree of negligence on the part of the injured party.

The brief of appellant brings to our attention three of our own cases. *Follis v. United States Mut. Acc. Assn.*, 94 Iowa 435; *Little v. Iowa S. T. M. Assn.*, 154 Iowa 440; *Rommel v. National Trav. Ben. Assn.*, 183 Iowa 776. The evidence in each of those cases disclosed voluntary exposure to great and imminent danger, threatening almost certain injury. The act of the injured party in each case was indisputably daring and reckless and gross in its negligence. We are unable to say that our holding in any of those cases controls the case at bar, as a matter of law.

Reliance is placed also upon the case of *Garcelon v. Commercial Trav. E. A. Assn.*, 195 Mass. 531 (10 L. R. A. [N. S.] 961); and *Rebman v. General Acc. Ins. Co.*, 217 Pa. 518 (10 L. R. A. [N. S.] 957). In the first of these cases, the policy provision pleaded in defense exempted the insurance company from liability for any injury if the negligence of the insured contributed thereto. In the second case, there was a similar policy provision, to the effect that the insured was bound to observe "due diligence" to protect himself against injury. The holdings in these cases were predicated largely upon these features of the policies.

In *Small v. Travelers Prot. Assn.*, 118 Ga. 900 (45 S. E. 706), a case was presented almost identical with the case at bar. It was therein held, as a matter of law, that the insured had exposed himself to obvious risk. The substance of the holding therein was that an attempt to board a moving train by any person, however experienced, was an exposure to obvious risk, as a matter of law. We are not prepared to commit ourselves to so broad a pronouncement. Trainmen in the course of their employment board moving trains and alight therefrom daily and continually. That the practice involves risk is to be conceded always. But we are not prepared to say that, under any

and all circumstances, it is to be deemed, as a matter of law, an *obvious* risk, within the meaning of an insurance policy. Not only trainmen, but many others, by long practice acquire expert agility in doing the same thing, and in doing so ordinarily with apparent safety. There is much reason, therefore, for saying that, obviously dangerous as it might be for many, if not most, people to attempt to board a moving train, it does not follow that such attempt is so obviously risky as to persons who have the requisite agility, and who have had requisite experience in that regard. We are unwilling, therefore, to adopt so broad and inflexible a rule as that an attempt to board a moving train is *per se* an exposure to obvious risk, regardless of all attending circumstances. Indeed, we have previously held to the contrary. For instance, in *Gannon v. Chicago, R. I. & P. R. Co.*, 141 Iowa 37, we held that an attempt to board a moving train, under the circumstances there disclosed, was not necessarily negligence, as a matter of law. The mitigating circumstances in that case were that the injured party acted under sudden and great emergency, and upon the invitation of a person in charge of the train. If the attempt in that case could not be deemed negligence, as a matter of law, then necessarily it could not have been deemed an exposure to obvious risk, within the meaning of this policy. In that case, we held the question to be one for the jury. That such an attempt is, of itself, sufficient evidence of exposure to obvious risk to carry the defense to the jury, is to be conceded. Nor is it to be denied that such an attempt might be made by the insured under circumstances so forbidding that it should be held, as a matter of law, to be an exposure to obvious risk.

Other cases from other jurisdictions which tend to support the *Small* case, supra, are the following: *Smith v. Preferred Mut. Acc. Assn.*, 104 Mich. 634 (62 N. W. 990); *Overbeck v. Travelers Ins. Co.*, 94 Mo. App. 453 (68 S. W. 236); *Alter v. Union Cas. & Sur. Co.*, 108 Mo. App. 169 (83 S. W. 276).

In the following cases from other jurisdictions, the question whether an attempt to board a moving train was an exposure to obvious risk was held to be for the jury: *Cotton v. Fidelity & Cas. Co.*, 41 Fed. 506; *Fidelity & Cas. Co. v. Sittig*, 181 Ill. 111 (54 N. E. 903); *Travelers Pref. Acc. Assn. v. Stone*, 50 Ill.

App. 222; *Johanns v. National Acc. Society,* 16 App. Div. 104 (45 N. Y. Supp. 117); *Schneider v. Provident Life Ins. Co.,* 24 Wis. 28 (the same court held otherwise, however, in *Shevlin v. American Mut. Acc. Assn.,* 94 Wis. 180 [68 N. W. 866]); *Baden-feld v. Massachusetts Mut. Acc. Assn.,* 154 Mass. 77 (27 N. E. 769) (the same court in the *Garcelon* case, supra, 81 N. E. 201, held such an attempt to be negligence, as a matter of law); *Pacific Mut. L. Ins. Co. v. Snowden,* 58 Fed. 342 (7 C. C. A. 264).

It will be seen from the foregoing that the authorities are not in harmony on the question involved. The numerical weight of authority is that an attempt by the insured to board a moving train may or may not be an exposure to obvious risk, as a matter of law. Whether it is such in a given case depends upon its attending circumstances. In our judgment, this is the sounder view. That there may be cases where such an attempt, under its surrounding circumstances, would present a legitimate question for the jury is, to our minds, quite obvious. We are of opinion, also, that the question in the case at bar was fairly one for the jury. The peril to which the insured exposed himself was certainly no greater than, if as great as, that to which the injured party exposed himself in the case of *Gannon,* supra. The insured was an active, athletic young man; he had had experience in boarding moving trains. The freight car was only a little higher than the platform upon which he was running; the train was moving at only two and one-half or three miles an hour; he was acting under the impulse of obeying the call of the conductor, and was in some degree of emergency. He was hand-free and foot-free, in that he was not incumbered with baggage or package or umbrella or other appurtenance. This fact distinguishes the case in some degree from some of the cited cases. Whether, under the particular circumstances then attending him, he might reasonably have believed that he could safely mount the car, or whether, on the other hand, the risk was so manifest and imminent as to forbid his attempt, was, in our judgment, a question for the jury. To hold otherwise would be to adopt against the insured a strict construction of language selected by the insurance company, which language is capable of some degree of flexibility.

The order of the district court is, therefore, affirmed.—. *Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.