## S. S. Bertz & Co. v. The Sprenger Company.

*Automobiles — Right-angled collision — Negligence — Contributory negligence—Right of way.*

1. The fact that in crossing an intersecting street an automobile driver has the right of way over a car approaching the crossing on the other street, does not relieve him from the duty of exercising proper care under the circumstances or justify him in going at an improper rate of speed or running into the other car if he could have seen it in time to stop instead of attempting to pass it.

*Charge—Reference to testimony—Telling jury to remember testimony not called to their attention.*

2. It is proper to charge a jury that they must remember any other testimony not specifically called to their attention by the court and use it in arriving at their verdict.

Rule for new trial. C. P. Lancaster Co., April T., 1922, No. 20.

*Owen P. Bricker* and *John A. Coyle,* for plaintiff and rule.

*Charles G. Baker,* contra.

HASSLER, J., Jan. 19, 1924. — This is an action to recover damages for injuries sustained in an automobile collision. It appeared at the trial that on Sept. 1, 1921, an automobile belonging to the plaintiff, driven by an employee, was going southwest on Manor Street in this city, and that a truck of the defendant company, driven by one of its employees, was going west, or northwest, on Dorwart Street. At the intersection of these streets they collided, causing the injuries complained of.

The testimony differed as to the speed at which each was going, the location of the plaintiff's automobile when the defendant's truck reached the intersection of the two streets, and how the collision might have been avoided by each of the drivers. The testimony being conflicting, it was a matter for the jury to decide whether the defendant was negligent, and whether the plaintiff was guilty of contributory negligence, if he could have avoided the collision and did not do so. The fact that he, the plaintiff, had the right of way, under the act of assembly, being on defendant's right when approaching the intersection of the two streets, did not relieve him of exercising proper care under the circumstances, which, if he did not do, made him guilty of contributory negligence. Such right of way did not justify him in going at an improper rate of speed or in running into the truck of the defendant, if he could have seen it

S. S. Bertz & Co. v. The Sprenger Co.

far enough ahead to have stopped instead of making an attempt to go past him.

We instructed the jury fully as to what is negligence and what is contributory negligence, calling their attention to the testimony from which they must arrive at their verdict. The verdict was in favor of the defendant, and we are not convinced that any error was committed in our charge. We are of the opinion that we called attention to all the material and important testimony, but, as a precaution, we told them they must remember any other testimony on the subject and use it in arriving at their verdict. This has been held to be proper in numerous cases, some of which are Com. v. Swift, 44 Pa. Superior Ct. 546; Biehl v. Assurance Corporation, 38 Pa. Superior Ct. 110; Yerkes v. Wilson, 81½ Pa. 9. We are not convinced that any error was committed on the trial, and, therefore, discharge the rule to show cause why a new trial should not be granted.

From George Ross Eshleman, Lancaster, Pa.